THE BOARD OF CONSERVATION AND DEVELOPMENT, APPELLANT, v. PETER Y. VEEDER, RESPONDENT.

Argued June 29, 30, 1916—Decided November 20, 1916.

1. Under section 11 of an act entitled "An act for the appointment of firewardens, the prevention of forest fires, and the repeal of sundry acts relating thereto," approved April 18th, 1906, as amended by *Pamph. L.* 1911, *p.* 56, any person who sets fire to, or causes to be burned, any forest land, comes within the condemnation of the statute, irrespective of whether his act in so doing is in the execution of a preconceived purpose, or whether it is wholly unintentional.

2. In construing a remedial statute, the court should always consider the mischief which the legislative body sought to remedy, as well as the remedy intended to be provided by it to cure the mischief.

On appeal from a judgment of the Supreme Court, whose opinion is reported in 87 *N. J. L.* 479.

For the appellant, *Josiah Stryker* and *John W. Wescott*, attorney-general.

For the respondent, *David A. Veeder.*

The opinion of the court was delivered by

GUMMERE, CHIEF JUSTICE.    This action was originally brought by the board of conservation and development, before a justice of the peace of Ocean county, to enforce a penalty for the alleged violation by the defendant, Veeder, of section 11 of an act of the legislature entitled "An act for the appointment of fire wardens, the prevention of forest fires, and the repeal of sundry acts relating thereto," approved April 18th, 1906, as amended March 15th, 1911. The trial of the action resulted in a judgment in favor of the plaintiff. An appeal was taken by the defendant to the Court of Common Pleas of the county, and there a judgment of non-

suit was rendered against the board. This judgment having been removed to the Supreme Court for review was affirmed by that tribunal, and from the judgment of affirmance the present appeal is taken.

Section 11 of the act under which the present prosecution was instituted, as amended in 1911, reads as follows: "No person shall set fire to or burn, or cause to be burned, any waste land, brush land, or forest land, but nothing in this section shall be interpreted to forbid any person from setting a back fire, or ground fire, or a surface fire, upon his own property to protect the same; *provided, however,* if such fire be permitted to escape, or does escape, to adjoining property, then the person setting such fire, or causing it to be set, shall be deemed to have violated the provisions of this section." *Pamph. L.* 1911, *p. 56.*

The ground upon which the judgment of nonsuit was directed by the Common Pleas, and upon which it was affirmed by the Supreme Court, was that, in order to hold the defendant accountable under section 11 of the act, it was essential that it should have appeared that the causing of forest land to be burned (which was the charge against the defendant) was his intentional act; and that the undisputed testimony in the case showed that the setting fire to this forest land was wholly unintentional on his part resulting from his inability to control the spread of a fire which he had started upon his own meadow land for the purpose of burning off the old grass thereon.

The contention on the part of the board was, and is, that this construction of the act is too narrow; and that by force of its provision any person who sets fire to, or causes to be burned, any forest land, comes within the condemnation of the statute, whether his act in doing so is in the execution of a preconceived purpose, or whether it is wholly unintentional.

The primary object of the act of 1906, as expressed in its title, is the preventing of forest fires, and the various provisions of the statute are directed to the accomplishment of

that object. That the legislature, when it passed the original act in 1906, was not seeking to prevent only such forest fires as were intentionally set, is manifest from a reading of section 11 of the statute as originally enacted. The language used is, "No person shall willfully, negligently, carelessly, or in any manner, set fire to, or burn, or cause to be burned, any waste land, brush land, or forest land," &c. *Pamph. L., p.* 225. In 1908 an act was passed amending eight of the seventeen sections of the original statute. *Pamph. L., p.* 422. Among the sections amended was number 11. The change there consisted in eliminating the words "willfully, negligently, carelessly, or in any manner," and the amendment of 1911 left this language unchanged. But the purpose of this elimination, in our opinion, was merely to drop out unnecessary words, and not to limit the scope of the original provision. As originally passed the statute covered all cases of burning, whether done willfully, or negligently, or carelessly, *or in any other manner.* The elimination of the words either leaves the meaning of the statute unchanged, or it relieves every person who willfully sets fire to forest land, or who negligently or carelessly sets such a fire, or who in any manner does so, from the penalty imposed by the act; for it will hardly do to say that a court, by judicial construction, may read into the statute one of the words eliminated by the legislature (viz., willful, so far as it includes intentional) and ignore all the others.

The act under consideration is a remedial one, and in determining the construction to be given to it the court is to consider what the mischief was that the legislature sought to remedy, as well as the remedy intended to be provided by that body to cure the mischief. And, as was said by Sir William Blackstone, in dealing with this subject, "It is the business of the judges so to construe such statutes as to suppress the mischief, and advance the remedy." A construction of the amendment to the statute, which limits its operation to fires intentionally set, can hardly be said to suppress the mischief struck at by the statute, or to advance the remedy

provided by it; for it is probably true, as was asserted by the state geologist in a report submitted to the legislature a few years before the passage of the original act, and cited in the brief of the attorney-general, that most of our forest fires are the result of the escape of sparks from passing locomotives, and of the careless acts of the persons by whom they are started, and are very seldom willfully and maliciously set.

The act as originally passed plainly was applicable to all forest fires, however started. In determining the purpose of the amendment of section 11, it is to be remembered that the legislature, some years before its enactment (in 1902), had made the intentional setting of such fires a criminal act, punishable by a fine of not more than $1,000, or imprisonment not exceeding three years, or both. *Pamph.. L., p.* 248.

The apparent absurdity of enacting subsequent and independent legislation solely for the purpose of adding to this punishment a fine of not less than $50, nor more than $200 (the penalty imposed by the statute now under consideration), ought not to be attributed to the law making body, unless the language used by it makes it plain that such was its purpose.

We conclude that the defendant below (Veeder), in causing the fire which was the subject-matter of his prosecution, came within the condemnation of the statute, and that the judgment under review should be reversed.

*For affirmance*—None.

*For reversal*—THE CHANCELLOR, CHIEF JUSTICE, GARRISON, TRENCHARD, BERGEN, MINTURN, BLACK, WHITE, HEPPENHEIMER, WILLIAMS, JJ. 10.