# Tannenbaum v. Rehm.

## Assumpsit.

(Decided July 2, 1907.    44 South. 532.)

1. *Municipal Corporations; Ordinances; Police Power.*—An ordinance by the city of Mobile making it the duty of the chief of the fire department to assign a fireman to attend all performances at any theatre, to be paid by the manager or owner of said theater, is within the charter and police power of the city, and is not unreasonable.

2. *Work and Labor; Implied Contract.*—Where a fireman is assigned to duty at all the performances at a certain theater, and attends, under an ordinance requiring the assignment, and providing that the manager of the theater shall pay for such attendance, a fireman so assigned may bring his action against the manager or owner of the theater for the reasonable compensation for his services.

APPEAL from Mobile City Court.

Heard before Hon. O. J. Semmes.

Assumpsit by Gus Rehm against Jacob Tannenbaum for compensation for services rendered as fireman in attendances upon the performances of a theater of which Tannenbaum was manager, in compliance with the city ordinance. From a judgment for plaintiff defendant appeals. Affirmed.

[Tannebaum v. Rehm.]

ERWIN & McALEER, for appellant. The requirement that the manager should pay is an undertaking to require another to pay the debts of the company, association or individual who operate the theater, and render the ordinance unconstitutional and void.—*L. & N. R. R. Co. v. Baldwin*, 85 Ala. 626. And any other construction of the ordinance would make a clear case of variance. The ordinance is invalid.—McQuillan on Munine Ord. Secs. 193-239-293; Piedman on Police Power, Secs. 151-2; *Walters v. Leech*, 3 Ark. 110. The reasonableness of the ordinance is a question for the court.— *Greensboro v. Ehrenreich*, 80 Ala. 581.

FRANCIS J. INGE, for appellee. The ordinance was valid and a proper exercise of the police powers of the city.—22 A. & E. Ency. of Law, pp. 927-936-938-939 and 940; Dillon's Munic. Corp. (4th Ed.), pp. 211-12. The city had a right to pass the ordinance and require the payment by the operator of the theater.—45 Cent. Dig. p. 2953; *Cincinnati v. Brill*, 7 Ohio. N. P. 534; *New Orleans v. Hop Lee*, 29 South. 214; *Harrison v. Baltimore*, 1 Gill. 264.

DOWDELL, J.—The plaintiff's right of action is based on the following ordinance of the city of Mobile:

"Sec. 542. The mayor, at the request of the manager of any theater, may detail or appoint not exceeding four regular or special police officers to attend the theater every night of performance who shall be paid by the manager for their services, and whose duty it is to preserve strict order and decorum within the theater, and arrest and eject therefrom any person who may create disturbance, either by loud and boisterous talking, whistling, swearing, holloing, or any other ungentlemanly or indecent acts or conduct. They are vested with full

power and authority to call any person to assist or aid them in the performance of their duty.

"It shall be the duty of the chief of the fire department to assign one fireman to all performances in any theater, said fireman to be stationed at the fire plugs located on the stage, who shall be paid by the manager, and whose duty shall be to have charge of the fire hose, and in case of fire to use every effort to extinguish the same. It shall also be the duty of said fireman to see that all fire apparatus is on hand, and in working order, prior to each performance; and the said fireman is hereby clothed with police authority to enforce all theater ordinances. Any violation of the foregoing clauses shall be punished by a fine of not more than $50.00, or less than $5.00."

No question is raised as to the ordinance being regularly adopted; but its validity is questioned, as to the authority and power of the municipality to enact and enforce the same, and this is the principal question in the case. The purpose of the ordinance is manifest. Its chief object is the protection of persons against the dangers of fire and the preservation of human life. Its enactment is an exercise of police power. Its validity depends upon whether this powr is vested in the municipality by the Legislature under the grant of powers contained in its charter, or other legislative enactment, special or general, and whether the same in its provisions is reasonable in the exercise of such granted powers.

Section 20 of an act of the General Assembly of Alabama entitled "An act to provide a charter for the city of Mobile," approved February 6, 1897 (Acts 1896-97, p. 559), provides among other things that the general council, the legislative body of the municipality, "shall have and exercise full police powers within the limits of the city of Mobile." In the same section, in the enumer-

ation of the duties of the general council, it is further provided that "it shall also be their duty to prevent crime and arrest offenders, to protect the rights of persons or property, to guard the public health, to preserve order," etc.  Section 21 (page 500) confers the right and power to regulate theaters.  In Dillon on Municipal Corporations (4th Ed.) p. 211, § 141, it is said: "Many of the powers exercised by municipalities fall within what is known as the 'police power' of the state, and are delegated to them to be exercised for the public good. Of this nature is the authority to suppress nuisances, preserve health, prevent fires, to regulate the use and storing of dangerous articles, to establish and control markets, and the like." It is further said by this text-writer: "Every citizen holds his property subject to the proper exercise of the police power, either by the state Legislature directly, or by public or municipal corporations to which the Legislature may delegate it.  Laws and ordinances relating to the comfort, health, convenience, good order, and general welfare of the inhabitants are comprehensively styled 'police laws and regulations.' It is well settled that laws and regulations of this character, though they may disturb the enjoyment of individual rights, are not unconstitutional, though no provision is made for compensaion for such disturbances.  They do not appropriate private property for public use, but simply regulate its use and enjoyment by the owner.  If he suffers injury, it is either damnum absque injuria, or in the theory of the law he is compensated for it by sharing in the general benefits which the regulations are intended and calculated to secure."

The ordinance cannot be said to be unreasonable, in that the city assumes to designate the man to perform the particular service, or imposes the cost of such serv-

32 R

ice upon the manager. The duty of protecting the person or citizen from dangers of fire in the exercise of the police power would seem to carry with it the right to employ the most effective means to that end, and this would include the right of designating competent agents or servants for the performance of such duty. The doctrine as to the right of the municipality to impose the cost of the performance of such services by the fireman on the manager of the theater, as was done in the case at bar, was upheld in the case of *New Orleans v. Hop Lee,* 29 South. 214, 104 La. 601, and in the case of *Harrison v. Baltimore,* 1 Gill (Md.) 264. Of course, such cost or expense must be fair and reasonable. We are of opinion that the ordinance in question was clearly within the police power of the municipality, and that it is not unreasonable. The ordinance expressly provides that the manager shall pay the fireman for the services rendered. The suit was, therefore, properly brought in the name of the party performing the service. The evidence was without dispute that the services were rendered and that the compensation claimed was reasonable.

The only other question presented by the record relates to the exclusion of the ordinance offered by the defendant in evidence as to the license imposed for theaters. We are unable to see the relevancy of this evidence. The license tax imposed on theaters was for the purpose of revenue, and could have no bearing upon or connection with the other questions discussed in the case. The court committed no error in sustaining plaintiff's objection to the introduction in evidence of this ordinance.

[Southern States Lumber Co. v. Green.]

The evidence being without dispute, the court proper-ly gave the general charge requested by the plaintiff.

The judgment appealed from is affirmed.

TYSON, C. J., and ANDERSON and MCCLELLAN, JJ., concur.