(164 App. Div. 832)

ADAMSON, Fire Com'r, v. GREENWOOD CEMETERY. (No. 6482.)

(Supreme Court, Appellate Division, First Department. December 4, 1914.)

1. NEGLIGENCE (§ 134*)—FIRE—RECOVERY OF EXPENSES OF FIRE DEPARTMENT —EVIDENCE.

Under Greater New York Charter (Laws 1897, c. 378) § 773, providing that for violations of the provisions of the title a person shall be liable for costs and expenses that may be incurred by any noncompliance with such provisions, and section 761 (Laws 1901, c. 466), making a person liable for all expenses of a fire department from a fire resulting from his willful or culpable negligence, a prima facie case of liability for the expenses incurred by a fire department in putting out a fire is made out by showing a failure to obey an order of the fire commissioner, pursuant to section 775, as amended by Laws 1911, c. 899, compelling defendant to put in a system of automatic sprinklers.

[Ed. Note.—For other cases, see Negligence, Cent. Dig. §§ 267–270, 272, 273; Dec. Dig. § 134.*]

2. MUNICIPAL CORPORATIONS (§ 201*)—FIRE DEPARTMENT—VALIDITY OF ORDERS.

An order of a fire commissioner, pursuant to Greater New York Charter, § 775, as amended by Laws 1911, c. 899, compelling owner of a building to put in a system of automatic sprinklers, validly made and served, has all the authority of a statute or ordinance.

[Ed. Note.—For other cases, see Municipal Corporations, Cent. Dig. § 534; Dec. Dig. § 201.*]

3. PLEADING (§ 214*)—DEMURRER—ADMISSIONS.

Where a complaint alleged that defendant's negligence was willful and culpable, within Greater New York Charter, § 761, a demurrer admits the fact that it is willful, as that is a question of fact.

[Ed. Note.—For other cases, see Pleading, Cent. Dig. §§ 525–534; Dec. Dig. § 214.*]

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

4. NEGLIGENCE (§ 18*)—RECOVERY OF EXPENSES FOR PUTTING OUT FIRE—FIRE DEPARTMENT—"CULPABLE NEGLIGENCE."

Where it is shown that a defendant failed to obey an order of the fire commissioner, pursuant to Greater New York Charter, § 775, as amended by Laws 1911, c. 899, directing him to put in a system of automatic sprinklers, and that a fire started in defendant's store and spread to other buildings, causing a loss to the fire department in putting out the fire, no reason for refusal to obey the order being shown, defendant's negligence is "culpable," within Greater New York Charter, § 761, making a person liable for the expenses of the fire department incurred in putting out a fire resulting from culpable negligence.

[Ed. Note.—For other cases, see Negligence, Cent. Dig. § 23; Dec. Dig. § 18.*

For other definitions, see Words and Phrases, First and Second Series, Culpable Negligence.]

5. NEGLIGENCE (§ 18*)—RECOVERY OF EXPENSES IN PUTTING OUT FIRE—FIRE DEPARTMENT.

Greater New York Charter, § 761, providing that "any or all persons for any fire, resulting from his or their willful or culpable negligence or criminal intent or design, shall, in addition to the present provision of law for the punishment of persons convicted of arson," be liable to the fire department for expenses incurred in a fire resulting from such cause, does not limit an action for damages to one in which the persons sought to be charged have been guilty of arson.

[Ed. Note.—For other cases, see Negligence, Cent. Dig. § 23; Dec. Dig. § 18.*]

6. NEGLIGENCE (§ 18*)—RECOVERY OF EXPENSES OF PUTTING OUT FIRE—FIRE DEPARTMENT—"RESULTING."

Greater New York Charter, § 761, making a person liable for the expenses of a fire department incurred in putting out a fire "resulting" from willful and culpable negligence, it is not necessary that the fire should be "started" by defendant's negligence.

[Ed. Note.—For other cases, see Negligence, Cent. Dig. § 23; Dec. Dig. § 18.*]

Appeal from Special Term, New York County.

Action by Robert Adamson, as Fire Commissioner of the City of New York, against the Greenwood Cemetery. From an order sustaining a demurrer to the complaint, plaintiff appeals. Reversed, and demurrer overruled, with leave to defendant to answer.

Argued before INGRAHAM, P. J., and CLARKE, SCOTT, DOWLING, and HOTCHKISS, JJ.

Albert De Roode, of New York City, for appellant.
Edwin D. Bechtel, of New York City, for respondent.

SCOTT, J. [1] The complaint, summarized, alleges that in November, 1912, the then fire commissioner of the city of New York, pursuant to the authority conferred upon him by section 775 of the Greater New York Charter, as amended by Laws 1911, c. 899, made and served upon defendant, the owner of the building known as Nos. 212–214 East Ninety-Ninth street, in the city of New York, an order that said building be equipped with a system of automatic sprinklers; that said defendant failed and omitted to comply with said order, and to equip said premises with the system of automatic sprinklers ordered by said fire commissioner, or any other system of automatic

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

sprinklers; that on January 31, 1914, a fire occurred in the basement of said building, and from its point of origin extended to and set fire to other portions of said building and the contents thereof, and spread rapidly throughout the rest of the building and to adjacent buildings, being extinguished by the fire department with great difficulty and after injury to many members of the department; that had a system of automatic sprinklers been installed in said building, as ordered by the fire commissioner, and maintained in good working order at the time of the fire, said fire would have been confined to that portion of the building in which it originated, and would not have spread, as it did, throughout and set fire to the rest of the building and the adjoining buildings. It is charged that the failure of the defendant to install a system of automatic sprinklers constituted willful and culpable negligence on its part, and it is alleged that by reason of this willful and culpable negligence of the defendant the fire department of the city of New York, without fault or negligence on its part, incurred in and about the use of employés, apparatus, and materials the expense of $1,500, which expense would not have been necessary, except for the willful and culpable negligence of the defendant.

Annexed to and forming part of the complaint by reference is an ordinance of the board of aldermen of the city of New York, adopted December 19, 1911, and which went into force and became effective on January 1, 1912. The demurrer is for general insufficiency.

The plaintiff relies upon two sections of the Greater New York Charter as warrant for the maintenance of this action. Section 773 provides in part as follows:

"Any person, persons, or corporation, for the violation of or noncompliance with any of the several provisions of the several sections of this title, where the penalty is not therein specially provided, shall severally forfeit and pay a fine or penalty in the sum of fifty dollars ($50.00) for each and every offense, or shall forfeit and pay the penalties respectively imposed under any of the said sections *and shall also be severally liable for any costs or expenses that may be incurred by any violation of or noncompliance with* any requirements under said sections, and shall also be severally liable for the payment of the further penalty of the sum of fifty dollars ($50.00) for any violation of, or noncompliance with, any regulation, order or special direction issued by said commissioner," etc.

Section 761, after providing for the recovery of damages for personal injuries suffered by members of the fire department, provides as follows:

"And any or all persons for *any fire*, resulting from his or their *willful or culpable negligence* or criminal intent or design, shall, in addition to the present provision of law for the punishment of persons convicted of arson, be liable in a civil action for the payment of any and all damages to the person or property, the result of such fire, and also for the payment of all costs and expenses of said Fire Department incurred in and about the use of employees, apparatus, and materials in the extinguishment of any fire resulting from such cause, the amount of such costs and expenses to be fixed by said commissioner, and when collected shall be paid into the relief fund of such department herein created," etc.

Both of the sections above quoted are embraced in the same title of the Charter (chapter 15, title 3), and are therefore to be read to-

gether. Section 773 provides generally that any person, for noncompliance with any of the several provisions of that title, shall be liable for any costs and expenses that may be incurred by such noncompliance. Section 775, under which the order for the installation of automatic sprinklers was made, is a part of the same title 3. A failure to comply with an order made under section 775 is therefore a failure to comply with a provision of title 3, and subjects the offender to the consequences specified in section 773 (People v. Kaye, 212 N. Y. 407–415, 106 N. E. 122), which includes liability for costs and expenses incurred by reason of noncompliance. Section 761 is more specific, and provides when and under what circumstances a person who has been culpably or willfully negligent, and thus caused a fire, may be called upon to pay damages resulting therefrom, and what damages he may be charged with. It is not claimed, and we do not hold, that the only culpable and willful negligence which would establish a right of action under the section last quoted is the disobedience of an order of the fire commissioner. All that it is necessary to hold in the present case is that such disobedience as is set forth in the complaint establishes prima facie such culpable and willful negligence. We think that there can be no doubt that it does.

[2] The order of the fire commissioner requiring the installation of automatic sprinklers was presumptively valid and lawful, and noncompliance therewith subjected the owner of the building to the penalties provided for by the Charter. People v. Kaye, supra. The order, being authorized by law and validly made and served, has all the authority of a statute or ordinance, and its violation, of itself, is sufficient to establish prima facie the defendant's negligence. McRickard v. Flint, 114 N. Y. 222, 21 N. E. 153; Shields v. Pugh & Co., 122 App. Div. 586, 107 N. Y. Supp. 604. In order to justify a recovery under the statute mere negligence is not sufficient. It must be "culpable or willful," and it is alleged in the complaint that defendant's negligence was both culpable and willful.

[3, 4] Whether or not the failure to obey the order was willful is a question of fact, and the demurrer admits it. Whether it is culpable —that is, criminal or worthy of punishment—is a question of law, dependent upon the facts proved, or perhaps, more properly speaking, a question of mixed law and fact. Upon the facts stated in the complaint, admitted and not explained, we find no difficulty in holding that defendant's failure to obey the order of the fire commissioner was both culpable and negligent.

[5] The defendant argues that the reference in section 761 to the punishment provided by law for the crime of arson indicates that an action for damages under that section will not lie unless the person sought to be charged has been guilty of the crime of arson. It is manifest that this could not have been the intention of the Legislature. What fixes the civil liability is negligence, as well as criminal intent or design. But mere negligence, even if culpable and willful, is not sufficient to establish the crime of arson, of which an indispensable ingredient is a criminal intent. To construe the section, in this regard, as defendant would have us do, would be to emasculate it.

[6] It is further insisted that the defendant cannot be held liable under the statute, because it is not alleged that the fire started as a consequence of defendant's negligence, but merely that it spread for that reason. As we read the section, it is not necessary that the fire should be started as a consequence of negligence. The word used in the section is "resulting," and it is clearly alleged that the spread of the fire, and its communication to adjacent buildings, resulted from defendant's negligence. This we think satisfies the language of the statute and is clearly within its intention. We are therefore of opinion that the complaint sufficiently states a cause of action.

It follows that the order appealed from must be reversed, with $10 costs and disbursements, and the demurrer overruled, with $10 costs, with leave to defendant to withdraw its demurrer and answer within 20 days, upon payment of costs in this court and the court below. All concur.