Argued June 30, affirmed September 6, 1927.

# STATE *v.* CITY OF MARSHFIELD.

### (259 Pac. 201.)

Fires—Statute Making "Any Person, Firm, or Corporation" Liable for Starting or Existence of Uncontrolled Forest Fire Held to Apply to City (Or. L., § 8960).

1. Section 8960, Or. L., declaring fire on forest land burning uncontrolled and without proper precaution public nuisance, and making "any person, firm, or corporation" liable for either starting or existence of such fire responsible for expense of controlling or extinguishing fire applies to city.

Fires—Reservation of Merchantable Timber on Land When City Purchased It Held not to Excuse City from Expense of Extinguishing Forest Fire Thereon (Or. L., § 8960).

2. Fact that merchantable timber on land was reserved when land was sold to city does not excuse city from responsibility for cost of putting out forest fire starting thereon, under Section 8960, Or. L., on theory that it was vendor's duty to act.

Fires—City Held Liable for Expense of Putting Out Forest Fire Starting on Its Property and Spreading to Other Property (Or. L., § 8960).

3. Under Section 8960, Or. L., making any person, firm, or corporation liable for starting or existence of forest fire responsible for cost of controlling or extinguishing it, city was liable for cost of fighting fire which had started on its land, and which had extended to other land.

Fires—Capacity of City in Ownership of Land Held Immaterial as·to Its Responsibility for Cost of Extinguishing or Controlling Forest Fire Starting Thereon (Or. L., § 8960).

4. Under Section 8960, Or. L., city is liable for cost of controlling and extinguishing forest fire starting on its lands for whose starting or existence it was responsible, regardless of capacity in which it holds land.

Constitutional Law—Fires—That Reasonable Cost of Fighting Forest Fire Starting on Land Might Exceed Land's Value Held not to Render Statute Giving Lien on Land Therefor Unconstitutional as Contrary to Due Process (Or. L., § 8960).

5. Fact that reasonable cost of fighting forest fire starting on land, under Section 8960, Or. L., giving lien on land of person liable, might exceed value of land does not render statute invalid as taking property without due process of law.

---

1. Liability of one on whose property fire originates for damage from spread thereof, see notes in 42 **A. L. R.** 783; 45 **A. L. R.** 870; 30 **Am. St. Rep.** 506.

Fires—Evidence That State Paid Money for Controlling or Extinguishing Forest Fire Held not Necessary for Recovery Against Owner of Land Therefor (Or. L., § 8960).

6. Section 8960, Or. L., making party responsible for starting or existence of forest fire liable for expense of controlling or extinguishing it, and providing that action shall be brought in name of state to recover therefor, does not require proof that state has paid out money for expenses in controlling and extinguishing fire.

Corporations, 14 **C. J.**, p. 49, n. 1.
Fires, 26 **C. J.**, p. 590, n. 83 New.

From Coos: JOHN C. KENDALL, Judge.

Department 2.

AFFIRMED.

For appellant there was a brief and oral argument by *Mr. J. T. Brand.*

For respondent there was a brief over the names of *Messrs. Ross & Murphy* and *Mr. J. B. Bedingfield,* District Attorney, with an oral argument by *Mr. Bedingfield.*

BELT, J.—This is a statutory action to recover the reasonable cost of fighting a forest fire, which had its origin upon land owned by the City of Marshfield beyond its corporate limits and which spread to other timber land not owned by it. The action is brought by virtue of Section 8960, Or. L., prior to the amendment thereof in 1925, which so far as material herein provides:

"Any fire on any forest land in the state of Oregon burning uncontrolled and without proper precaution being taken to prevent its spread is hereby declared a public nuisance by reason of its menace to life or property. Any person, firm or corporation responsible for either the starting or existence of such fire is hereby required to make a reasonable effort to control or extinguish it immediately, with-

out awaiting instructions from a forest officer, and if said responsible person, firm or corporation shall refuse, neglect or fail to do so, the state forester, or any fire warden or forest ranger acting under his authority, may summarily abate the nuisance thus constituted by controlling or extinguishing the fire and the cost thereof may be recovered from said responsible person, firm or corporation by action for debt; and, if the work is performed on the property of the offender, shall also constitute a lien upon said property.''

It is alleged in substance by plaintiff that on or about September 9, 1922, a fire was burning uncontrolled on forest land owned by defendant; that no precaution was taken by the city to prevent it from spreading; that, although the city was notified of the existence of such fire, it failed and refused to take any action to extinguish or control it; and that thereupon the state through its forestry department extinguished the fire at a cost of $1,231.43, for which judgment was demanded.

While there are many assignments of error, the city's defenses may thus be briefly stated:

1. That it is not a ''person, firm, or corporation'' within the meaning of the above statute;

2. That if the act be held to include municipal corporations, it was not responsible for either the starting or existence of the fire;

3. That in the ownership of the land where the fire started the city was acting in its governmental capacity as the land was purchased for park purposes and to protect from contamination its water supply;

4. That the act is unconstitutional if it be given the construction as contended for by plaintiff and which was adopted by the trial court.

Verdict and judgment was had for plaintiff in the amount demanded, and defendant appeals.

1. We are of opinion that the words "any person, firm or corporation," as used in the act include the defendant city. It is purely a matter of statutory construction. In some cases it has been held that "corporation" does not include municipal corporations: *Donahue* v. *City of Newburyport*, 211 Mass. 561 (98 N. E. 1081, Ann. Cas. 1913B, 742); *Town of Kearney* v. *Jersey City*, 78 N. J. Law, 77 (73 Atl. 110); 7 McQuillin on Municipal Corporations, § 108; while in others a construction in keeping with our view has been given. See *City of Anniston* v. *Ivey*, 151 Ala. 392 (44 South. 48); *Commonwealth* v. *Witman*, 217 Pa. 411 (66 Atl. 986). As stated in McQuillin on Municipal Corporations, Volume I, Section 108:

"The term 'corporation' does not always embrace municipal corporation, although it has been so held frequently as used in particular laws."

Much depends upon the nature and character of the act in which the word "corporation" is used. Even though the term in its technical legal sense unquestionably would include a municipality, courts would not give it such meaning if it were apparent from the context of the act that the legislature did not so use it. The construction here adopted does not impair the sovereignty of the state nor interfere with its governmental policy.

There has been much legislation in recent years for the protection of the great forests in this state. Oregon ranks high in the lumber industry. It is not surprising that the legislature declared a forest fire burning uncontrolled to be a public nuisance.

Indeed, what greater menace to life and property could there be? But we are asked to construe this act so that the City of Marshfield could stand idly by and see a great forest fire rage upon its partly logged off land—threatening not only the destruction of millions of feet of valuable timber but its own existence—and not be under legal obligation to make a reasonable effort to put it out. While the act is loosely drawn, we think it clearly not the intention of the legislature to permit a municipality to maintain a public nuisance, even on its own land.

2. It is not the theory of the state that the defendant started the fire, but that it failed to act after having been informed of its existence. There is no dispute about the facts in this regard, but defendant argues, among other things, that it is not responsible for the reason that the merchantable timber on the land was reserved at the time it purchased the property and that it was the duty of the vendor to act. Defendant's interest in the land, notwithstanding such reservation, was such as to make it amenable to the statute. We are not called upon to say whether it also was the duty of the owner of the merchantable timber to act. If such be true, then defendant and its vendor were joint tort-feasors and plaintiff would have had the right of election to sue either one or both. The question of defect in parties is not involved.

3. The verdict covered the reasonable cost of fighting the fire on defendant's land and also on property adjoining thereto owned by others. It is impossible to ascertain the amount spent on the respective tracts of land. The city contends that if liable at all it is only for expenses incurred in

fighting the fire upon its property. We are unable to agree with this contention. Failure to exercise reasonable diligence by the city was a tort and it must respond for that which is the direct, natural and proximate result thereof. Many perplexing questions as suggested by counsel for appellant might arise if more than one party were called upon in the same action to pay cost of fighting fire upon different tracts of land, but such is not the instant case. We prefer to stick to the text and not discuss legal principles applicable to situations which do not exist. If appellant's construction be adopted, A could carelessly and negligently start a forest fire near the boundary of his land; it could spread over several sections of timber land belonging to B; many thousands of dollars could be spent in fighting the fire on the latter's property, but A would only be liable for the expense incurred on a narrow strip of land, notwithstanding he was to blame for the entire loss sustained.

4. Having held that the defendant city comes within the statute, it is immaterial in what capacity it was acting in the ownership of the land: *Platt* v. *City of Newberg,* 104 Or. 148 (205 Pac. 296). Municipalities, like individuals, are not permitted under the act to maintain a public nuisance. However, it would be a strange doctrine to announce were this court to hold that a municipality could start a fire on forest land owned by it, thereby menacing life and property, and avoid responsibility by asserting that it was acting in a governmental capacity.

5. No constitutional question is involved. The fact that the reasonable cost of fighting the fire might exceed the value of defendant's land does not

amount to taking property without due process of law. *Eastman* v. *Jennings-McRae Logging Co.*, 69 Or. 1 (138 Pac. 216, Ann. Cas. 1916A, 185), is not in point. In that case it was held that such portion of a statute imposing liability for actual damages caused by fire which escaped accidentally or unavoidably was unconstitutional. In the instant case the statute seeks to impose liability by reason of the fault and negligence of the defendant, but in the Eastman case above cited there was an attempt to make a person not guilty of wrong respond in damages.

6. It is contended that there is no evidence that the state paid out any sum of money for expenses in controlling or extinguishing the fire. Such was not necessary. There was evidence tending to show that the verdict was the reasonable cost of the services rendered. Section 8960, Or. L., further provides that the action shall be brought "in the name of the State of Oregon." The defendant is not in danger of being obliged to pay twice.

The cause was properly submitted to the jury and we see no reason to disturb its verdict. The judgment of the trial court is therefore affirmed.

AFFIRMED.

BURNETT, C. J., and McBRIDE and BEAN, JJ., concur.