# STATE v. P. G. PHILLIPS.[1]

March 1, 1929.

No. 26,536.

[1]Reported in 223 N. W. 912.

See note in 21 L. R. A. 255; 36 L.R.A.(N.S.) 194; 45 A. L. R. 878; 11 R. C. L. 951; 2 R. C. L. Supp. 1342; 7 R. C. L. Supp. 367.

*A. G. McKnight,* for appellant.

*G. A. Youngquist,* Attorney General, and *Chester S. Wilson,* Assistant Attorney General, for the state.

TAYLOR, C.

Action brought by the state under L. 1925, p. 558, c. 407, 1 Mason Minn. St. §§ 4031-1 to 4031-35, known as the forestry act, to recover the expense incurred in fighting a forest fire alleged to have been started by defendant and negligently allowed to escape from his premises. The jury returned a verdict for $1,879.74, and defendant appeals from an order refusing a new trial.

It was stated at the argument that the trial occupied over a week. The evidence has not been transcribed. Defendant presented to the trial court a proposed bill of exceptions, which contained the charge, the requests to charge, and a statement in respect to the testimony which occupies five printed pages. The court struck out the statement concerning the testimony on the ground that "it is an incomplete and inaccurate statement of the evidence relating to the matters therein referred to," and the bill of exceptions as allowed contains only the charge, defendant's requests to charge, and defendant's objection to the introduction of any evidence on the ground that the complaint failed to state facts sufficient to constitute a cause of action.

Defendant asks us to review the action of the court in striking the statement as to the testimony from the bill of exceptions. That ruling cannot be reviewed in this manner. There is nothing before

this court from which we can determine whether the statement was or was not correct. The procedure for procuring the settlement and allowance of a case or bill of exceptions is well settled and must be followed.

Defendant contends that the complaint fails to state a cause of action for the reason that the forestry act on which it is based is unconstitutional. He urges that the title is defective in not disclosing that the act establishes and defines forest areas. The title is as follows:

"An act codifying, revising and supplementing the laws relating to forestry and to forest and prairie fires; prescribing liabilities and penalties both civil and criminal; and repealing inconsistent acts."

The title is not intended as an index to a statute, and this title is broad enough to warrant the inclusion in the act of the provisions marking out and defining the territorial areas to which it applies. 6 Dunnell, Minn. Dig. (2 ed.) § 8908, and cases cited.

Section 1 of the statute, 1 Mason Minn. St. § 4031-1, states:

"Every county now or hereafter having within its boundaries any tract or area of one thousand or more contiguous acres," of the character specified therein, "is hereby declared to be a forest area within this act; and every other county is hereby declared not to be such forest area nor within this act."

Defendant urges that this classification is arbitrary and unreasonable. One of the main purposes of the act is to prevent the recurrence of forest fires such as have been so destructive to life and property in the past. The legislature is presumed to have acted with knowledge of all facts necessary to enable it to determine the proper areas to which the act should apply; and its conclusion as expressed in the statute is presumed to be warranted by the facts known to it and is binding on the courts unless they can say that no reasonable ground exists for applying a different rule to counties brought within the act than is applied to those excluded from it. The danger to be apprehended from forest fires is greater where the areas covered by timber and combustible material is

large than where such areas are small, and the legislature could find in this fact and in public policy legitimate reasons for adopting more drastic regulations for the prevention of fires in the case of large areas than in the case of small areas. At least we cannot say that there was no reasonable ground in either conditions or public policy for treating one differently from the other. State ex rel. Bd. of Ed. v. Brown, 97 Minn. 402, 106 N. W. 477, 5 L.R.A.(N.S.) 327; Wall v. County of St. Louis, 105 Minn. 403, 117 N. W. 611; State ex rel. Olson v. Erickson, 125 Minn. 238, 146 N. W. 364; Mathison v. Minneapolis St. Ry. Co. 126 Minn. 286, 148 N. W. 71, L. R. A. 1916D, 412; Williams v. Evans, 139 Minn. 32, 165 N. W. 495, 166 N. W. 504, L. R. A. 1918F, 542; State v. Cloudy & Traverse, 159 Minn. 200, 198 N. W. 457; Schulte v. Fitch, 162 Minn. 184, 202 N. W. 719.

It was necessary to fix a definite dividing line between the two classes of areas, and where this line should be drawn was for the legislature to determine. They placed in the class within the statute all counties having a contiguous area of 1,000 acres or more of the character specified, and we cannot say that the dividing line was so fixed that it appears that territory manifestly belonging in one class was arbitrarily placed in the other. As said in Miller v. Wilson, 236 U. S. 373, 384, 35 S. Ct. 342, 59 L. ed. 628, L. R. A. 1915F, 829, the legislature may classify according to general conditions and

"it is free to recognize degrees of harm, and it may confine its restrictions to those classes of cases where the need is deemed to be clearest. * * * If the law presumably hits the evil where it is most felt, it is not to be overthrown because there are other instances to which it might have been applied."

Defendant also urges in substance that the act imposes upon occupants of land in forest areas duties and liabilities which are in violation of the equality provisions of the constitution, and that the penal provisions are unreasonable and invalid. The act provides in § 34, 1 Mason Minn. St. § 4031-34, that the sections and provisions of the act are separable, and if any of them shall be held unconstitutional all other sections and provisions shall remain in

full force and effect. This provision must be given the effect intended by the legislature. Saari v. Gleason, 126 Minn. 378, 148 N. W. 293. The only provisions with which we are concerned are those making defendant liable for the expense incurred in putting out the fires. Whether other provisions are valid or invalid is of no moment in this action. Dahnke-Walker M. Co. v. Bondurant, 257 U. S. 282, 42 S. Ct. 106, 66 L. ed. 239.

The particular provisions of the act which defendant cites and denounces are the following portions of §§ 22, 23 and 28, 1 Mason Minn. St. §§ 4031-22, 4031-23 and 4031-28.

"The occupant of any premises upon which any unauthorized fire is burning in the vicinity of forest lands, whether such fire was started by said occupant or otherwise, shall promptly report the said fire to the forester or to the nearest district ranger, patrolman, or fire warden. Failure to make such report shall be deemed a violation of this act; and the occupant of such premises shall be deemed prima facie guilty of negligence if such unreported fire spreads from said premises to the damage, loss, or injury of the state or any person." [§ 22]

"In any prosecution under this act for unlawfully starting or setting or having or permitting the continuation or spread of any fire or back-fire, proof upon the part of the prosecution that such fire or back-fire originated upon, or was permitted to burn upon, or that it spread from, lands or premises occupied by the person charged with such offense, and that such person had knowledge of such fire and made no effort to put it out, shall be prima facie evidence that he is guilty. And the burden of proof as to any matter in refutation of such prima facie guilt, or in extenuation or excuse, shall be and rest upon the person so appearing prima facie to be guilty." [§ 23]

"Any person who violates any of the provisions of this act for which no specific penalty is herein prescribed shall be guilty of a misdemeanor and shall be punished accordingly.

"Failure by any person to comply with any provision or requirement of this act to which such person is subject shall be deemed a violation of this act.

"Any person who violates any provision of this act, in addition to being subject to any penalties herein prescribed for such violation, shall also be liable in full damages to any and every person suffering loss or injury by reason of such violation of this act, including liability to the state of Minnesota and any of its political subdivisions for all expenses incurred in fighting or preventing the spread of, or extinguishing, any fire caused by or resulting from such violation of this act. Whenever a fire set by any person spreads to and damages or destroys property belonging to another, the person setting the fire shall be prima facie guilty of negligence in setting and allowing the same to spread." [§ 28]

Defendant contends that these statutes are discriminatory because they impose upon occupants of land within forest areas duties and liabilities in respect to fires upon their premises which are not imposed upon other persons who have knowledge of such fires. These provisions apply alike to all occupants of lands within such areas, and we see no reason why the legislature may not impose upon those occupying and in control of lands duties and liabilities which it does not impose upon outsiders.

Defendant further contends that the provisions requiring an occupant to report an unauthorized fire upon his premises is invalid for the reason that it requires him to make such report although he may be ignorant of the existence of the fire, and makes the failure to do so a violation of the act, and also makes it prima facie evidence of negligence if the fire spreads from his premises and causes damage to others. As already stated, we are not here concerned with the penal provisions of the act. If necessary to sustain its validity the provision in question would be construed as applying only to those who had knowledge of the fire. Whether it should be so construed or whether an occupant may be held to be chargeable with knowledge of fires on his premises it is not necessary to determine in this case, for defendant admitted in his

answer that he started the fire which was burning on his land, and consequently he could not have been ignorant of it. Moreover the recovery against him was based on the fact that he permitted the fire to escape and not upon failure to give notice. The court charged the jury to the effect that defendant was not liable unless the fire which did the damage was set by him or by his authority and escaped from his premises.

"A litigant can be heard to question a statute's validity only when and so far as it is being or is about to be applied to his disadvantage." Dahnke-Walker M. Co. v. Bondurant, 257 U. S. 282, 289, 42 S. Ct. 106, 66 L. ed. 239; 12 C. J. 782, cases cited under note 8.

Defendant also contends that the provision making an occupant from whose premises a fire escapes liable for the damage caused by the fire and for the expense incurred in extinguishing it is "an unwarranted exercise of legislative power." He treats this provision as if it imposed a penalty. It is in no sense a penalty. In St. Louis & S. F. Ry. Co. v. Mathews, 165 U. S. 1, 17 S. Ct. 243, 41 L. ed. 611, the federal supreme court traces from the earliest times the history of the law in respect to the liability of persons for fires originating on their premises and spreading to the property of others. The original common law liability was so absolute and drastic that it was early modified by act of parliament; and under the common law as generally recognized in this country the one from whose premises fire escaped was not liable if free from negligence. However the power of the legislature to impose absolute liability for all damage from fires which one sets on his own premises, whether intentionally or accidentally, is generally if not universally recognized. Such liability has long been imposed on railroads in this and many other states and has uniformly been sustained. The cases in this state are cited in 5 Dunnell, Minn. Dig. (2 ed.) § 8212. Cases from other states are cited in a note in 25 L. R. A. 161. That the legislature may impose upon anyone absolute liability for the damage from a fire which he sets and suffers to escape from his own premises is borne out by the authorities. 11 R. C. L. 951; State v. City of Marshfield, 122 Or. 323, 259 P. 201; Conservation & De-

velopment Bd. v. Veeder, 89 N. J. L. 561, 99 A. 335; Lamb v. Sloan, 94 N. C. 534; Thoburn v. Campbell, 80 Iowa, 338, 45 N. W. 769; Hunt v. Haines, 25 Kan. 210; Sampson v. Hughes, 147 Cal. 62, 81 P. 292; Allen v. Bainbridge, 145 Mich. 366, 108 N. W. 732; Spencer v. Murphy, 6 Colo. App. 453, 41 P. 841; St. Louis & S. F. Ry. Co. v. Mathews, 165 U. S. 1, 17 S. Ct. 243, 41 L. ed. 611.

It is within the power of the legislature to impose upon one who makes use of such a dangerous instrumentality as fire the duty to keep it under control at his peril and to make him liable for all damage if it spreads to the property of others. Even where he is not responsible for the starting of a fire, if he knows of its existence upon his premises and by a reasonable effort could prevent it from spreading to other property but fails to do so, he may be made liable for the damage resulting from its spreading. Farrell v. M. & R. R. Ry. Co. 121 Minn. 357, 141 N. W. 491, 45 L.R.A.(N.S.) 215; State v. City of Marshfield, 122 Or. 323, 259 P. 201. That the legislature may impose liability for the expense incurred in fighting and extinguishing a fire as well as for the damage caused by it cannot be doubted.

Order affirmed.

HILTON, J. took no part.