[Civ. No. 15994.   Second Dist., Div. Three.   May 18, 1948.]

COUNTY OF VENTURA et al., Respondents, v. SOUTH-
ERN CALIFORNIA EDISON COMPANY (a Corpora-
tion), Appellant.

Gail C. Larkin, E. W. Cunningham and Sheridan, Orr, Bates & Barnes for Appellant.

M. Arthur Waite, District Attorney, and Donald D. Roff, Deputy District Attorney, for Respondents.

Fred N. Howser, Attorney General, E. G. Funke and Walter S. Rountree, Deputy Attorneys General, as Amici Curiae on behalf of Respondents.

SHINN, Acting P. J.—The trial court's findings in this case are not challenged by appellant, Southern California Edison Company. In substance, the following facts were found to be true. On September 23, 1944, in Orange Canyon, Ventura County, a power transmission line carrying a 66,000 volt current came into contact with a telephone line and telephone pole, thereby causing a fire in the grass beneath the lines which spread into and burned over a large area of adjoining ranchland before being brought under control. The Southern California Edison Company owned and operated both the power and telephone lines, the latter running along parallel to and directly beneath the power line. Contact between the two lines came about when the lower south conductor of the power line, which spanned Orchard Canyon between towers over 2,700 feet apart, stretched and sagged in the center so that it touched the telephone wire and pole erected at the highest point on the floor of the canyon midway between the transmission towers and directly under the low point of the span of the transmission line. The trial court found the cause of the fire to be the negligent construction and maintenance of the transmission and telephone lines by the Edison Company.

Plaintiffs, the county of Ventura and the Ventura County Fire Protection District, brought this action to recover from the Edison Company the expenses incurred by plaintiffs in fighting and extinguishing the fire, basing their right of recovery upon the Fire Liability Law (Stats. 1931, p. 1644; 1 Deering's Gen. Laws, 1944, Act 2586.) The case was consolidated for purposes of trial with two other actions filed against defendant by persons whose property was damaged by the same fire. Judgment was rendered in favor of all the plaintiffs, but the defendant here appeals only from the judgment in favor of Ventura County and Ventura County Fire Protection District for a sum in excess of $2,000.

The following provisions of the Fire Liability Law (Deering's Gen. Laws, 1944, Act 2586) are pertinent to the issues presented: "§ 1. Acts giving rise to liability. Any person who: (1) Personally or through another, and (2) Wilfully, negligently, or in violation of law, commits any of the following acts: (1) Sets fire to, (2) Allows fire to be set to, (3) Allows a fire kindled or attended by him to escape to the property, whether privately or publicly owned, of another, is liable to the owner of such property for the

damages thereto caused by such fire. § 2. Escaping fires. Any person who allows any fire burning upon his property to escape to the property, whether privately or publicly owned, of another, without exercising due diligence to control such fire, is liable to the owner of such property for the damages thereto caused by such fire. § 3. Expenses of fighting fires. The expenses of fighting such fires shall be a charge against any person made liable by this act for damages caused thereby. Such charge shall constitute a debt of the person charged and shall be collectible by the party, or by the federal, state, county, or private agency incurring such expenses in the same manner as in the case of an obligation under a contract, expressed or implied.''

Appellant's initial contention is that the findings do not provide a basis of liability under section 3 of the Fire Liability Law, since they do not indicate that appellant did any act which would make it liable for damages under section 1. Appellant would construe the provisions of section 1 reading, ''Any person who . . . negligently . . . sets fire to,'' etc., as requiring a finding that the fire was caused by defendant's direct and affirmative act of setting it, which act was either negligent in itself, or was done in a negligent manner, whereas the present findings show only negligent construction and maintenance which indirectly caused the fire. The argument is inconclusive, for it fails to give due consideration to the second classification contained in the section: ''Any person who . . . negligently . . . allows fire to be set,'' etc. In similar contexts, the word ''allow'' has been found to import knowledge of the operative facts accompanied by acquiescence in, or abstinence from preventing, the occurrence of the particular act or event, where a duty and power to prevent existed (*Louisville & N. R. Co.* v. *Smith,* 163 Ala. 141 [50 So. 241, 244]; *People* v. *Forbath,* 5 Cal.App. 2d Supp. 767, 769 [42 P.2d 108]; *Luckie* v. *Diamond Coal Co.,* 41 Cal.App. 468, 477 [183 P. 178]; *Gulf Oil Corp.* v. *Lemmons,* 198 Okla. 596 [181 P.2d 568, 570]). Giving to the two above-quoted classifications a reasonable construction in harmony with the statutory purpose, it appears that liability under the first is predicated upon the direct and negligent commission of the act of starting a fire, and under the second, upon a negligent acquiescence in, or failure to prevent known conditions, circumstances, or conduct which might reasonably be expected to result in the starting of a fire. Appellant's failure to properly construct and maintain its equipment

was found to be the proximate cause of the present conflagration. Negligence in this respect is clearly within the second classification of acts giving rise to liability for damages, for appellant, who must be charged with knowledge of the condition of its equipment, took no steps to prevent the occurrence of fire, which was the reasonably foreseeable consequence of that condition. Appellant thus may fairly be said to have negligently allowed the fire to be set in the adjoining ranchlands, and hence is subject to the provisions of section 3.

Appellant, however, claims that the statute is invalid, urging the following four grounds in support of the contention: (1) it imposes a tax in violation of article XI, section 12 of the California Constitution; (2) it imposes a compulsory charge for performance of a purely governmental function; (3) its title fails to comply with article IV, section 24 of the California Constitution; and (4) it denies equal protection of the laws in violation of the Fourteenth Amendment to the United States Constitution. These contentions will be considered in the order given.

The pertinent provisions of article XI, section 12, of the California Constitution state: "Except as otherwise provided in this Constitution, the Legislature shall have no power to impose taxes upon counties, cities, towns or other public or municipal corporations, or upon the inhabitants or property thereof, for county, city, town, or other municipal purposes, but may, by general laws, vest in the corporate authorities thereof the power to assess and collect taxes for such purposes." Appellant maintains that "The purpose of this provision is to relegate to the local boards the whole subject of county and municipal taxes for local purposes, and . . . the legislature has no power to impose any tax whatever within those territories for local purposes." (*San Francisco* v. *Liverpool etc. Ins. Co.*, 74 Cal. 113, 124 [15 P. 380, 5 Am. St.Rep. 425].) Recovery by the county in the present case is claimed to amount to a tax imposed by the Legislature for the local purpose of fighting fires.

The clear intent of the Fire Liability Law is to require reimbursement by the wrongdoer for expenses incurred in the suppression of fire. This liability may be enforced by any person or agency entitled thereto, and not solely by the agencies of government. The purpose is not to secure revenue but to compel compensation by one who has by his wilful

act, negligence, or violation of law, forced the expenditure of money by others. That this compensation is eminently fair and equitable seems clear from the fact that the expenses of fire fighting normally are beneficial to the wrongdoer in that they serve to limit the extent of the destruction and thereby mitigate the damages. The burden of suppressing a fire set to or allowed to spread to the property of another thus rests squarely upon him whose wilful or negligent acts or omissions necessitated that expense, and not upon the government or careful property owner. Compensation required to be made under these circumstances cannot be deemed a tax (*Morgan's R.R. & Steamship Co.* v. *Louisiana,* 118 U.S. 455, 461-3 [6 S.Ct. 1114, 30 L.Ed. 237]; *City of New Orleans* v. *Hop Lee,* 104 La. 601 [29 So. 214]; *Willis* v. *Standard Oil Co.,* 50 Minn. 290 [52 N.W. 652]; *Chicago, W. & V. Coal Co.* v. *People,* 181 Ill. 270 [54 N.E. 961, 48 L.R.A. 554]), and is therefore not within the scope of the constitutional prohibition contained in article XI, section 12.

It is next contended that insofar as county or municipal agencies seek to enforce the liability prescribed by section 3, assuming that liability not to be a tax, it must be construed as an involuntary charge for the performance of the purely governmental function of extinguishing uncontrolled fires. Appellant takes the position that such a charge is beyond the legislative power since it is not included among the only valid means provided by law for the support of the government, namely, taxation, fines or penalties imposed in the exercise of the police power, and charges for special privileges granted and services rendered at the request of the person charged. ■ A holding that legislation is constitutionally invalid, however, cannot be founded upon a mere difficulty of categorization, but rather must be based upon a clear, substantial, and irreconcilable conflict with the fundamental law (5 Cal. Jur., Constitutional Law, § 44). ■ We find no such conflict to exist in the present case. The additional liability for fire suppression expenses, being measured by the actual loss incurred, is substantially less onerous than the treble damages formerly recoverable for injuries due to negligent fires under section 3344, Political Code, and section 3346a, Civil Code. Those provisions were held to be a valid exercise of the state's police power in *Kennedy* v. *Minarets & Western Ry. Co.,* 90 Cal.App. 563, 581 [266 P. 353], where the court said: "The danger from fires in a dry country like California is so great as to justify the police power of the state in im-

posing treble damages, and in no country is the necessity for greater care being exercised against the spread of fires than in the San Joaquin Valley during the summer months where conditions are always favorable for extensive conflagrations and the absence of moisture rendering the extinguishment of fires, when once started, so difficult. All of these considerations justify the exercise of the police power of the state in imposing damages, such as to insure the reasonable care and precautions necessary under the conditions so existing.'' The present statute clearly finds its justification upon the same basis.

In support of its position, appellant cites *Chicago* v. *Weber,* 246 Ill. 304 [92 N.E. 859, 20 Ann.Cas. 359, 34 L.R.A.N.S. 306], and *Ex Parte Newberg,* 140 Tex.Crim.App. 211 [143 S.W.2d 786]. In the former case, a provision in a city ordinance requiring theater managers to employ city firemen to attend performances with a view to preventing fires, was held void on the ground that the city had no power to charge the theater managers with expenses incurred in performing the public duty of preventing fires. Although there is language in the opinion favorable to appellant, the case cannot be considered authority on the question here involved, for the only point decided was that the city charter did not confer power to enact the ordinance in question, and the court expressly found it unnecessary to pass on the constitutional validity of such an ordinance. It may be conceded that *Ex Parte Newberg, supra,* relying largely upon *Chicago* v. *Weber,* does hold a provision in a city ordinance requiring employment of city policemen in dance halls, to offend against the Fourteenth Amendment of the United States Constitution. The substantial weight of authority, however, is to the contrary, holding that such charges are a valid exercise of the police power. (*Tannenbaum* v. *Rehm,* 152 Ala. 494 [44 So. 532, 126 Am.St.Rep. 52, 11 L.R.A.N.S. 700]; *O'Neil* v. *Providence Amusement Co.,* 42 R.I. 479 [108 A. 887, 8 A.L.R. 1590]; *Chicago, W. & V. Coal Co.* v. *People,* 181 Ill. 270 [54 N.E. 961, 48 L.R.A. 554], *City of Hartford* v. *Parsons,* 87 Conn. 412 [87 A. 736]; *City of New Orleans* v. *Hop Lee,* 104 La. 601 [29 So. 214]; *Harrison* v. *Mayor and Council of Baltimore,* 1 Gill.(Md.) 202 [264].) The persuasiveness of the majority view is augmented by the fact that in none of the cited cases, unlike the present one, was the charge for expenses dependent upon the fault of the person charged. *A fortiori,*

section 3 of the Fire Liability Law, which imposes liability only where negligence, wilfulness, or violation of law are present, should be held valid.

Although statutes imposing liability for the cost of fire suppression are not uncommon (see 36 C.J.S., "Fires," § 16, p. 819), neither the diligence of counsel nor the independent research of the court has disclosed any case in which such a statute has been declared unconstitutional, and in fact, the authorities are uniformly in accord that such statutes are within the police powers of the state.

Former section 18 of the California Forestry Act (Stats. 1919, p. 234) contained all the essential language, and imposed substantially the same liability for the cost of fire suppression as section 3 of the present Fire Liability Law. In *Paiva* v. *California Door Co.*, 75 Cal.App. 323, 333 [242 P. 887], where the constitutionality of this Forestry Act was in issue, the court conceded that imposition of liability in the absence of negligence or wilfulness might be invalid, but did not question the power of the Legislature to provide for collection by federal, state, county or private owners of expenses incurred in fighting fires negligently or wilfully started. In *First State Bank of Thompson Falls* v. *United States*, 92 F.2d 132, 135, a Montana statute similar to the Fire Liability Law was applied without question "in the light of its manifest purpose, to protect the state from the destructive holocausts to which her arid climate and her vast timber resources make her so liable." (Cf., *Adamson* v. *Greenwood Cemetery*, 164 App.Div. 832 [150 N.Y.S. 467].)

Recovery by state authorities of fire fighting expenses under an Oregon statute was upheld, as against a claim of constitutional invalidity, in *State of Oregon* v. *City of Marshfield*, 122 Ore. 323 [259 P. 201], where the court stated: "There has been much legislation in recent years for the protection of the great forests in this state, Oregon ranks high in the lumber industry. It is not surprising that the legislature declared a forest fire burning uncontrolled to be a public nuisance. Indeed, what greater menace to life and property could there be?" The court then ruled that "no constitutional question is involved. The fact that the reasonable cost of fighting the fire might exceed the value of defendant's land does not amount to taking of property without due process of law."

Similarly, in *United States* v. *Chesapeake & Ohio Ry. Co.*, 130 F.2d 308, same case, 139 F.2d 632, the federal government was held entitled to recover expenses, including the wages of

its employees, incurred in fighting a fire, under the Virginia fire suppression cost law. The court was there of the opinion that the statute merely embodied a well recognized principle of the law of torts: ''Damages for personal injuries received in an attempt to save property menaced by the negligence of another are recoverable from the wrongdoer. *Illinois Central R. R. Co.* v. *Siler,* 229 Ill. 390, 82 N.E. 362, 15 L.R.A.N.S. 819, 11 Ann.Cas. 368; 38 Am.Jur., Negligence, secs. 77, 80, 81; 22 Am.Jur., Fires, sec. 40; 2 Restatement, Torts (1934), sec. 445. The principle of liability for foreseeable consequences, upon which the rule is based, certainly permits the recovery of damages in the form of expenditures incurred in attempting to save property.'' (130 F.2d 308, 310.)

The very argument offered here by appellant was in fact expressly rejected by the Supreme Court of Minnesota in *State* v. *Phillips,* 176 Minn. 472 [223 N.W. 912], where, in reference to the Minnesota statute, the court said, ''Defendant also contends that the provision making an occupant from whose premises a fire escapes liable for the damage caused by the fire and for the expense incurred in extinguishing it is 'an unwarranted exercise of legislative power.' . . . It is within the power of the Legislature to impose upon one who makes use of such a dangerous instrumentality as fire the duty to keep it under control at his peril, and to make him liable for all damage if it spreads to the property of others. Even where he is not responsible for the starting of a fire, if he knows of its existence upon his premises and by a reasonable effort could prevent it from spreading to other property, but fails to do so, he may be made liable for the damage resulting from its spreading. *Farrell* v. *Minneapolis & R. R. Ry. Co.,* 121 Minn. 357, 141 N.W. 491, 45 L.R.A.N.S. 215; *State* v. *City of Marshfield,* 122 Or. 323, 259 P. 201. That the Legislature may impose liability for the expense incurred in fighting and extinguishing a fire as well as for the damage caused by it cannot be doubted.'' On principle and authority, therefore, we hold appellant's second argument of unconstitutionality to be without merit.

Appellant's third proposition is that the title of the Fire Liability Law does not meet the requirements of article IV, section 24 of the California Constitution, which states that ''every act shall embrace but one subject, which subject shall be expressed in its title.'' The title to the act reads, ''An Act defining the civil liability for failure to control

fires."(Stats. 1931, p. 1644.) It is well settled that this provision of the Constitution must be construed liberally to uphold legislation reasonably included within the general subject indicated by the title (*Estate of Wellings,* 192 Cal. 506, 519 [221 P. 628]; *Heron* v. *Riley,* 209 Cal. 507, 510 [289 P. 160]; *Matter of Lake,* 89 Cal.App. 390, 395 [265 P. 325]). Where the title readily suggests the field of legislation encompassed by the text of the act, it cannot be deemed misleading or insufficient (*Hecke* v. *Riley,* 209 Cal. 767, 775 [290 P. 451]; *People* v. *Jordan,* 172 Cal. 391, 394 [156 P. 451]; *People* v. *French,* 61 Cal.App. 275, 278 [214 P. 1003]). The details of the liability provided for in the statute need not be expressed in its title, for ''it was never expected that the title to an act should be an index to all its provisions, and so long as the provisions themselves are cognate, attingent, and germane to the subject matter of the title, no violence is done to the Constitution.'' (*People* v. *Fryer,* 175 Cal. 785, 793 [167 P. 382]; *Abeel* v. *Clark,* 84 Cal. 226, 229 [24 P. 383].) The present act embraces the single subject of liability for fires, and we think its title is sufficiently indicative of that subject, within the rules laid down in the foregoing cases, to meet the constitutional requirement.

Appellant contends lastly that the statute violates the equal protection clause of the Fourteenth Amendment to the United States Constitution. Appellant argues that section 3 of the Fire Liability Law refers to section 1 and section 2 for the definition of the persons made liable, and that section 3 therefore imposes liability only when expenses are incurred by the public agency in fighting a fire burning upon and causing damage to the property of a person other than the one who set it or allowed it to escape; but that it does not purport to make liable an owner who negligently or wilfully sets fire to his own property, so long as that fire is confined solely to his own property, regardless of the amount of fire fighting expense which may be incurred in suppressing it. The purpose of the statute, it is said, is merely to reimburse the governmental agency for expenses incurred in performance of the public duty of suppressing fires—a purpose equally applicable to all fires whether on the property of the wrongdoer or the property of others. On this basis, the statutory classification of persons made liable is claimed to be arbitrary, discriminatory, and unrelated to any substantial distinctions germane to the

purpose of the law, and hence a denial of equal protection of the laws.

Appellant's position may not be sustained. It is a firmly established principle of law that one may not urge the unconstitutionality of a statute unless his rights are adversely affected thereby (16 C.J.S., Constitutional Law, § 76). Under this rule, appellant would appear to have no standing to make the present contention, for its rights are in no way adversely affected nor discriminatorily prejudiced by section 3 of the Fire Liability Law. Conceding that section 3 incorporates by implication the terms of sections 1 and 2, it is clear that the statute treats in the same manner all persons similarly situated. Every owner of property, including appellant, is rendered immune from the statutory liability for fire suppression costs if the fire is confined to his own property, and is made subject thereto under specified conditions if the fire is not so confined. We therefore perceive no way in which the application of section 3 discriminates against appellant.

Furthermore, contrary to appellant's contention, we are convinced that the classification made by the statute is a rational and justifiable one. Appellant's premise, that the purpose of the statute is merely to reimburse the governmental agency for the cost of fire fighting, confuses the means with the object. As we have shown above, the Fire Liability Law was validly enacted in the exercise of the police power. The liabilities imposed were designed to stimulate precautionary measures aimed at preventing the starting and spreading of fire, and thereby eliminate needless conflagrations destructive of property and dangerous to the safety and welfare of the public. Liability in the form of a compensatory recovery for fire fighting costs is merely one of the sanctions devised for the achievement of the larger purpose indicated by the statute as a whole. Appellant's premise is further vitiated by the fact that the liability is imposed in favor of any agency, whether public or private, incurring such expenses, and regardless of whether they were incurred voluntarily or in the performance of a public duty. We think the statute evinces an intention to make this additional liability as broad as the mischief it was designed to prevent. It may be presumed that every person will care for his own property in a reasonably prudent manner. The possibility of loss to himself as a consequence of wilful or negligent misuse of fire could conceivably be deemed by the Legislature to be a sufficient deter-

rent to such conduct by an owner in respect to his own property. The presumption of care for one's own property does not necessarily extend to the property of another, and the Legislature might have reasonably concluded that a more effective deterrent in the nature of a heavier liability was necessary in such cases. We, therefore, cannot say that the statutory classification of persons additionally liable for fire suppression costs under section 3 does not have a rational foundation nor bear a reasonable relationship to the object of the legislation. Accordingly, it does not constitute a denial of the equal protection of the laws (*New York Rapid Transit Corp.* v. *New York,* 303 U.S. 573, 578 [58 S.Ct. 721, 82 L.Ed. 1024] ; *Lindsley* v. *Natural Carbonic Gas Co.,* 220 U.S. 61, 78-79 [31 S.Ct. 337, 55 L.Ed. 369] ; *Ferrante* v. *Fish & Game Commission,* 29 Cal.2d 365, 370-72 [175 P.2d 222] ; 16 C.J.S. 998-1003).

The judgment is affirmed.

Wood, J., and Vallée, J. pro tem., concurred.

Appellant's petition for a hearing by the Supreme Court was denied July 15, 1948.