[Crim. No. 5974.    Second Dist., Div. One.    Oct. 22, 1957.]

THE PEOPLE, Respondent, v. ADOLPH OOSTERVEEN, Appellant.

MacBeth & Ford for Appellant.

Edmund G. Brown, Attorney General, Elizabeth Miller and James D. Loebl, Deputy Attorneys General, for Respondent.

DRAPEAU, J. pro tem.*—Defendant in this case, Adolph Oosterveen, was convicted of violating section 580 of the Business and Professions Code, a felony. Pronouncement of judgment was suspended. He was granted probation for five years, with six months in the county jail, and upon condition that he refrain from practicing medicine in this state during the period of probation. He appeals from the "final judgment of conviction," (Pen. Code § 1237, subd. 1), from the order granting probation, from the order denying his motion for a new trial, and "from any order made after judgment."

The story of the facts in this case begins with a vitamin salesman. This salesman was in the office of a chiropractic doctor, Russell S. Andrew. The salesman told the doctor that if he wanted to buy a fake medical degree he could put him in touch with Mr. Oosterveen, who would sell him one.

The degree was to enable Dr. Andrew to work as an intern in a hospital, and thereby circumvent the requirements of college and medical degrees necessary to qualify him for a license as a medical doctor.

The doctor said he was interested. So the vitamin salesman called Mr. Oosterveen on the telephone, and arranged for an appointment for the doctor.

Next day Dr. Andrew went to see Mr. Oosterveen at his office. Mr. Oosterveen told the doctor that he would sell him a degree, purportedly from a defunct university in Mexico.

After thinking it over, Dr. Andrew decided to tell the district attorney of Los Angeles County and officers of the state medical board what was going on. They instructed him to go ahead with the purchase of the degree.

At their next meeting, Mr. Oosterveen told Dr. Andrew that the fee for the degree would be $1,850 or $2,000, and that he would attempt to get him in the class of 1943, because that was the last year of this particular school's existence, and that "dead men do not talk."

Without further recounting the meetings and negotiations between these two men, Dr. Andrew finally went to Mr. Oosterveen's office, with $1,850 in fifty and one hundred

*Assigned by Chairman of Judicial Council.

dollar bills. The money was furnished him by police officers and agents of the medical board. These officers accompanied Dr. Andrew to Mr. Oosterveen's office, but stayed outside while Dr. Andrew went in with the money.

Dr. Andrew gave Mr. Oosterveen 12 one hundred dollar bills. He later returned the other $650 to the officers.

When Dr. Andrew gave Mr. Oosterveen the money and Mr. Oosterveen delivered the degree to him, the officers went into the office and arrested him.

Mr. Oosterveen's principal ground of appeal is that the information failed to charge a public offense, in that it did not allege that the medical degree was made pursuant to law; and that, construing the statute within the limits of its purpose and its title, no public offense was alleged in the information or proved upon the trial of the case.

His final ground of appeal that the evidence was insufficient to find that a medical degree was sold by him is without merit. The evidence is sufficient to support the conviction.

Addressing ourselves now to the principal ground of appeal, as stated:

Counsel for Mr. Oosterveen interposed this objection at every stage of the case—by motion to dismiss under section 995 of the Penal Code; by demurrer to the information; by objection to evidence at the trial; and by arguing it on the motion for a new trial.

This presents a close and interesting question.

Section 2427 of the Business and Professions Code makes it a misdemeanor, not a felony, to sell, or to offer to sell any certificate to be fraudulently used in connection with the granting of certificates or diplomas. Defendant argues that in section 580 the Legislature was dealing only with medical degrees or diplomas to which the board of medical examiners was required by our law to give legal effect.

In another similar case in the Superior Court of Los Angeles County the judge held that the objection was well taken, and discharged the defendant.

Section 580 of the Business and Professions Code reads as follows:

"Sec. 580. *Sale of degree, certificate or transcript.* No person, company or association shall sell or barter or offer to sell or barter any medical degree, or osteopathic degree, or chiropractic degree, or drugless practitioner degree or naturopathic degree, or any degree, certificate or transcript made or purporting to be made pursuant to any laws regu-

lating the licensing and registration or issuing of a certificate to physicians and surgeons, drugless practitioners, chiropodists, mid-wives, osteopathic physicians and surgeons or drugless practitioners, naturopaths, chiropractors or persons lawfully engaged in any other system or mode of treating the sick or afflicted.''

This objection will be discussed under two heads:

First, that the statute does not apply to the sale of all medical degrees, but only to those made or purported to be made pursuant to one of the various medical practice acts of California.

The language of section 580, so far as pertinent to this argument, may be paraphrased as follows:

''No person . . . shall sell . . . any medical degree . . . made or purported to be made pursuant to any laws regulating . . . issuing of a certificate to physicians and surgeons. . . .''

It seems clear to this court that the conduct of Mr. Oosterveen as shown by the record in this case comes squarely within the definition of the crime of which he was convicted.

The law says ''any degree.'' And the sale of the degree was to enable Dr. Andrew to secure ''a certificate to physicians and surgeons.''

Section 2193 of the Business and Professions Code provides that the board of medical examiners of California may issue a license to a person whose application is based upon a diploma issued by a foreign medical school approved by the board.

Also section 2427 must be read in connection with section 2425, which provides that the article in which section 2427 appears does not affect section 580.

Secondly, appellant argues that, construing the statute within the limits of its purpose and its title (Cal. Const., art. IV, § 24), it does not apply to the facts in this case.

The title reads: ''An act to provide against the selling, purchase, barter or bartering, the altering or the use of any fraudulent degrees, certificates or transcripts to be used in obtaining a license . . . to practice in the State of California. . . .'' (Stats. 1927, chap. 79, p. 136.)

In *People* v. *Jordan*, 172 Cal. 391, 394 [156 P. 451], it was held that where the body of an act embraces provisions that are germane to the general subject stated in its title, the title will be held sufficient to comprehend all of the provisions of the act itself; and where the title suggests to the mind the field of legislation that the text of the act includes, the title will not be held misleading or insufficient,

or the act restricted in its operation. (*Cf., People* v. *Superior Court,* 10 Cal.2d 288 [73 P.2d 1221]; *Shields* v. *Oxnard Harbor Dist.,* 46 Cal.App.2d 477 [116 P.2d 121]; *County of Ventura* v. *Southern Cal. Edison Co.,* 85 Cal.App.2d 529 [193 P.2d 512].)

Tried by this rule, the title of the act here under consideration embraces the facts in this case supporting defendant's conviction.

The judgment and the order denying defendant's motion for a new trial, are, and each of them is, affirmed.

No orders subsequent to the judgment appear in the record, and the order granting probation is a part of the judgment. Therefore the appeals therefrom are, and each of them is, dismissed.

White, P. J., and Fourt, J., concurred.

A petition for a rehearing was denied November 18, 1957, and appellant's petition for a hearing by the Supreme Court was denied December 17, 1957. Carter, J., was of the opinion that the petition should be granted.