Argued November 9, 1960, affirmed January 5, petition for
rehearing denied January 31, 1961

## STATE OF OREGON *v.* THE CALIFORNIA OREGON POWER COMPANY

358 P. 2d 524

*Thomas C. Stacer,* Assistant Attorney General, Salem, argued the cause for appellant. With him on the brief was Robert Y. Thornton, Attorney General, Salem.

*George M. Roberts* and *Edward Branchfield,* argued the cause for respondent. On the brief were Roberts, Kellington & Branchfield, Medford.

Before McALLISTER, Chief Justice, and PERRY, SLOAN, O'CONNELL, GOODWIN and HOWELL, Justices.

O'CONNELL, J.

Plaintiff brought this action on October 10, 1956 against The California Oregon Power Company under the provisions of ORS 477.066–477.071 to recover expenses of $40,682.40 incurred by plaintiff in suppressing a forest fire alleged to have originated on defendant's right of way. Two causes of action are alleged: First, that defendant was negligent with respect to the origin of the fire and, second, that defendant, after notice of the fire, failed to exert a reasonable effort to control and extinguish it. The case was tried without a jury. The court entered judgment for defendant. Plaintiff appeals.

Plaintiff bases its claim on ORS 477.066–477.071 which read as follows:[①]

"*477.066 Duty of owner or possessor of land to abate fire; abatement by authorities.* The owner, operator and person in possession of land on which a fire exists, or from which it may have spread, or any of them, notwithstanding the origin or subsequent spread thereof on his own or other land, shall make every reasonable effort to control and extinguish such fire immediately when its existence comes to his knowledge, without awaiting instructions from the forester, warden or ranger and shall continue until the fire is extinguished. If the owner or operator or person in possession fails so to do, or if the fire is burning uncontrolled, the forester, or any forest protective agency under contract with the State Board of Forestry for the protection of forest land against fire, and within whose protection area the fire exists, shall summarily abate the nuisance thus constituted by controlling and extinguishing the fire.

"*477.068 Liability of owner or possessor for cost of abatement; lien; foreclosure.* (1) In case such owner, operator and person in possession, or any of them, shall fail to make the effort required by ORS 477.066, or where such owner, operator or person in possession is wilful, malicious or negligent in the origin of the fire, the actual cost of controlling or extinguishing the fire shall be recovered from such owner, operator or person in possession when necessary by an action prosecuted in the name of the State of Oregon or such forest protective agency or both.

"\* \* \* \* \*

---

① Subsequent to the entry of judgment in the present case ORS 477.003 was enacted. This section provides that "any electric company authorized to do business within the State of Oregon, owning title in fee or having an easement over any land which is used for the purpose of constructing, maintaining or relocating any electric, transmission, or distribution line, and upon which no power driven machinery is used for clearing, shall not be considered as an "owner," "operator" or "person in possession" under the terms and provisions of ORS 477.001, 477.028, 477.030, 477.037, 477.068, 477.070, 477.101, 477.152, 477.158, 477.217, 477.242, 477.310, 477.312 and 477.993 [1959 c. 363 § 20]"

"*477.069 Negligence in origin and in failure to control fire may be united in one complaint.* Notwithstanding ORS 16.220 and 16.230, or any other law, in the instance of a fire occurring as described in ORS 477.064, or any other fire or spot fire therefrom, wherein the owner, operator or person in possession, or any of them, has been wilful, malicious or negligent in the origin of the fire and also has failed to make the effort required by ORS 477.066, the plaintiff, in bringing the action authorized by ORS 477.068, may unite in the same complaint such causes permitting collection of the cost incurred by the plaintiff under ORS 477.066. The provisions of this section shall not apply to any acts, omissions, actions, suits or proceedings, occurring or commenced prior to April 19, 1957.

"*477.070 Effect of payment of fire patrol assessment or membership in control organization.* If the owner regularly pays a fire patrol assessment on the lands described under ORS 477.068 or is a member in good standing of an organization approved by and under contract with the board, which organization has undertaken the control and suppression of fires on such land as provided in the contract, the owner, operator or person in possession shall not be subject to the penalties prescribed by ORS 164.070, or be held as maintaining a nuisance as defined in ORS 477.064, unless he or his agent is wilful, malicious or negligent in the origin of the fire. However, payment of fire patrol assessments or membership in an organization under contract with the board shall not relieve any owner, operator or person in possession of land from the obligation imposed by ORS 477.066 and 477.068 to control and prevent the spread of fires if that land has theretofore become an operation area.

"*477.071 Notice of fire.* For the purpose of ORS 477.066, notification to the owner, operator and person in possession of the land, or any of them, shall be considered good and sufficient notice to the owner of the existence of a fire."

In April, 1955 defendant obtained an easement to extend its electrical power distributing line across land owned by Warren Dresbach and wife. Under the grant of the easement defendant was authorized to clear the right of way of trees and brush, and to remove any trees outside of the way "which in the judgment of the grantee could or may fall across or upon said right of way." The easement included the right to go upon the way for the purpose of maintaining and repairing the line. The Dresbachs reserved the right to cultivate the land in the right of way.

In preparing for the extension of its line, defendant's crew cut brush, felled and limbed trees, and bucked the felled logs on the right of way. The trees were bucked at the request of Dresbach and for his benefit. Some of the forest debris from this operation was left on the right of way. A part of it was piled on the land adjoining the way. The power line, consisting of bare wires, was placed above a part of the debris on the right of way and over a large pile of dry slab wood which had been stacked on the premises since 1945. There was a stand of pine trees adjacent to the right of way. One of these trees, which was about 75 feet in height with a 14-inch diameter at breast height, was situated close to the right of way. On September 5, 1955, when the area was very dry, an unusually high wind caused this tree to fall across and break the defendant's power line, causing an electrical short circuit which in turn ignited some dry weeds in the right of way from which the fire spread to the debris left in the right of way. The fire subsequently spread to the surrounding forest and resulted in what has become known as the Sykes creek fire, the suppression of which was undertaken by plaintiff and for

which it seeks the recovery of its expenses in this action.

Both causes of action are based upon the statutes set forth above. As a first cause of action it is alleged in substance that defendant was negligent "in the origin" of the fire and that defendant is liable to plaintiff for the amount expended by plaintiff in suppressing it. This is intended to bring the cause within ORS 477.068. It will be noted that this section imposes the statutory liability to pay for the cost of suppression only upon the "owner, operator and person in possession." The principal question upon appeal is whether defendant is within the class of persons mentioned in the statute. The trial court held that defendant was not an owner, operator or person in possession. We are of the same opinion.

■■ The interest acquired by defendant was an easement. Such an interest is regarded as non-possessory. 5 Restatement, Property, § 450, comments b and d; 2 American Law of Property, §§ 8.4, 8.21 (1952). Defendant was not, therefore, a "person in possession." Plaintiff relies heavily upon *Kesterson v. California-Oregon Power Co.,* 114 Or 22, 228 P 1092 (1925) in arguing that the interest created in the case at bar was possessory. In the Kesterson case the defendant was granted a "right of way" for its power line across the grantor's land. The grant included the right "to maintain gates at all fences crossed by said lines and keep private locks thereon and to permit no one, except employees of said party to enter therein." 114 Or at 24. The grantor reserved the right to cultivate the land in the right of way and "otherwise use and enjoy the same." 114 Or at 24. Plaintiff, without defendant's consent, piled lumber on the way. One of the wires in the power line broke, fell upon the lumber

and ignited it. The fire spread to plaintiff's mill and destroyed it. In an action to recover damages for the resulting loss it was held that plaintiff was a "trespasser" and that he could not recover in the absence of willful or malicious injury. The court's analysis of defendant's interest is difficult to follow. The court begins its discussion with the pronouncement that defendant's interest "will be considered as an easement and not as an estate in fee simple." 114 Or at 25. It concludes that defendant had "exclusive possession" of the tract "at least as against third parties." 114 Or at 27. The two conclusions are inconsistent. As already indicated, an easement does not vest possession in the easement holder. It is evident from the broad character of the right of use granted to defendant in the Kesterson case that plaintiff's act of stacking lumber upon the right of way constituted a violation of defendant's interest. This was true even though defendant's interest was no more than an easement. 5 Restatement, Property, § 450, comment h; 2 American Law of Property, § 85 (1952). Under the circumstances of that case the court could have reached the same conclusion as it did even though it recognized defendant did not have possession. In the Kesterson case the defendant's duty as an easement holder to one making a nonprivileged interference with the use of the easement was no higher than it would have been had he been in possession. It was not necessary, therefore, for the court to describe defendant's interest in terms of exclusive possession. We are of the opinion that the court correctly described the defendant's interest when it stated that it was an "easement" and not an "estate."

We hold that the interest acquired by the defendant in the case at bar was an easement and that defendant

was not a "person in possession" within the meaning of ORS 477.066 et seq.

Nor is defendant an "operator" within the meaning of these sections. ORS 477.002 (1) (g) prior to its repeal in 1959 when it was replaced by ORS 477.001, defined "operator" as follows:

> "(g) 'Operator' means anyone carrying on activity or employing or contracting with anyone for the removal or cutting of forest crops resulting in an operation area."

"Operation" was defined in subsection (5) (e) as follows:

> "(e) 'Operation' means any industrial activity or development in or within one-eighth mile of forest land, excluding the culture and harvesting of agricultural crops."

And "operation area" was defined in subsection (1) (f) as follows:

> "(f) 'Operation area' means any legal subdivision upon which any activity for the removal or cutting of the forest crop is conducted or has been carried on and the hazard created thereby has not been removed in accordance with ORS 477.242 and 477.244, or has not been released by the State Forester."

■ We think that the legislature intended to impose the duties and liabilities set forth in chapter 477 upon those persons who are engaged in the removal of timber as a forest crop with the object of marketing it or sawing it into lumber as a distinct commercial enterprise, and that the statutes were not intended to extend to a situation where a few trees are removed in order to use the land for a particular purpose as was true in the present case.

Nor do we regard defendant as an "owner" as that term is used in chapter 477. Certainly it is not inaccurate to describe the grantee of an easement as the "owner" of the incorporeal interest created by the grant. See, 5 Restatement, Property, § 450, comment b. The word "owner" is more often used, however, to describe a more complete interest than this. The meaning of the term "is to be gathered from the connection in which it is used and from the subject matter to which it is applied, and when used in a statute the obvious nature and purpose of the statute may indicate its meaning." *Guild et al. v. Prentis et al.*, 83 Vt 212, 214, 74 A 1115 (1910). In chapter 477 the word "owner" is used in conjunction with the terms "operator" and "person in possession." This indicates a legislative intent to confine the imposition of the statutory duties and liabilities to persons who, because of their actual occupancy of the land or their right to occupancy, are in a position to take the measures called for in the statute. See, *State v. Gourley et al.*, 209 Or 363, 305 P2d 396, 306 P2d 1117 (1957) (both the owner and the independent logging contractor subject to statutory duty). We recognize that even so interpreted these statutes may in the future present some problems of construction as to the scope of the meaning of the term "owner" (e.g., as to whether it means an equitable as well as a legal owner, etc.); but we are satisfied that the legislature did not intend to impose the burdens of the statute upon one whose interest in the land was solely that of an easement holder.

We hold that defendant is neither an "owner," a "person in possession," nor an "operator" within the meaning of ORS 477.066 et seq. Since both causes of action rest upon a statutory duty imposed only upon

a class of persons of which defendant is not a member it follows that there is no foundation for plaintiff's action.

The judgment is affirmed.