STATE of OREGON, acting by and through its STATE FORESTER, and Klamath Forest Protective Association, an Oregon nonprofit corporation, Appellants,

v.

UNITED STATES of America, Appellee.

No. 17574.

United States Court of Appeals Ninth Circuit.

Sept. 20, 1962.

Robert Y. Thornton, Atty. Gen. of Oregon, Thomas C. Stacer and Clarence R. Kruger, Asst. Attys. Gen. of Oregon, Salem, Or., for appellant.

Sidney I. Lezak, Acting U. S. Atty., and Victor E. Harr, Asst. U. S. Atty., Portland, Or., William H. Orrick, Jr., Asst. Atty. Gen., Alan S. Rosenthal, Stanley M. Kolber and Morton Hollander, Attys., Dept. of Justice, Washington, D. C., for appellee.

Before BARNES and HAMLIN, Circuit Judges, and HODGE, District Judge.

HODGE, District Judge.

Except as herein noted, the appeal in this case involves identical issues with those decided by the court in People of the State of California v. United States, 9 Cir., 307 F.2d 341.

The complaint, founded upon the Tort Claims Act, Section 1346(b), Title 28 U. S.C.A., alleges that agents and employees of the Forest Service, Department of Agriculture, United States of America, while acting within the scope of their employment, negligently and carelessly set a forest fire on lands of the United States, which fire they negligently and carelessly permitted to escape and burn "into the State and District of Oregon," as a proximate result of which negligence the plaintiffs were required to fight, control and extinguish said fire and expended the sum of $26,999.41 for such purpose, which sum they seek to recover against the United States.

Appellee filed a motion for summary judgment, on the grounds that the second amended complaint does not state a claim for which relief can be granted and that the court lacks jurisdiction of the subject matter of the action. The District Court found that a motion for summary judgment was not the proper manner in which to raise the question of the court's jurisdiction and denied such motion, but held that since the jurisdiction of the court had been invoked, an order of dismissal should be entered for the reason that the district courts have exclusive jurisdiction of civil actions on claims against the United States for money damages "for injury or loss of property" caused by the negligent or wrongful act or omission of any employee of the Government and that no

such injury or loss of property was claimed. From the order of dismissal appellants appeal.

The appellants' action is also based upon the provisions of the Oregon statute, being Oregon Revised Statutes, Sections 477.002 to 477.071, declaring an uncontrolled fire on any forest land in Oregon to be a public nuisance which may be summarily abated and providing, in the same manner as the State of California statute, that where the owner, operator or person in possession is negligent in the origin of the fire, "the actual cost of controlling or extinguishing the fire shall be recovered from such owner, operator or person in possession * * * by action for debt prosecuted in the name of the State of Oregon or such forest protective agency or both." ORS 477.068. The statute also provides that the cost in such cases shall constitute a general lien upon the real and personal property of such owner, operator or person in possession, provides for the filing of notice of such lien in the office of the County Clerk of the county in which the lands are situated within six months after extinguishment of the fire, and that such lien may be foreclosed by suit in the manner provided by law for foreclosure of liens for labor and material; and that upon request of the Forester the District Attorney for the district in which the lands and personal property are situated "shall prosecute such action for debt or foreclose the lien in the name of the State of Oregon or such forest protective agency, or both."

This statute creates the same remedy as the State of California statute except for the provision for lien. It is contended by appellants, for the first time on appeal, that this lien gives to the State a sufficient interest in the lands involved to maintain the action in tort. We do not agree, for regardless of any lien, the complaint does not contain the essential element of an action under the Tort Claims Act that the action must be for money or damages "for injury or loss of property" and no such injury or loss of appellants' property is claimed in the complaint.

Appellants also assert that the action is in tort as decided by the Supreme Court of Oregon, citing State v. City of Marshfield, 122 Or. 323, 259 P. 201, State v. Gourley Bros. et al., 209 Or. 363, 305 P.2d 396, 306 P.2d 1117, and State v. California-Oregon Power Co., 225 Or. 604, 358 P.2d 524. The last two cited cases do not so hold. The case of State v. City of Marshfield, in applying a prior statute granting relief for the expenses in fighting a fire by an action "for debt" holds that the reasonable cost of fighting fire on defendant's land is based upon failure to exercise reasonable diligence by the City and was a tort and that the City must respond for that "which is the direct, natural, and proximate result thereof." But whatever label the State of Oregon may place upon the statute does not confer jurisdiction on the district court under the Tort Claims Act for expenses incurred by a State or other agency in fighting the fire where no injury or loss of property is claimed, as the jurisdiction of the court under the Tort Claims Act is limited to claims for property damage and personal injury or death. See also Anno. 1, A.L.R.2d 225.

Appellants also claim that the expenses involved the protection of the State's natural resources, which question we have disposed of in the State of California case.

For the reasons assigned in People of the State of California v. United States and for the further reasons assigned herein the order of the District Court is affirmed.