666 F.2d 444
 STATE OF IDAHO, ex rel. Gordon C. TROMBLEY, Director,
Department of Lands and Clearwater-Potlatch Timber
Protective Association, Plaintiffs-Appellants,
v.
UNITED STATES DEPARTMENT OF the ARMY, CORPS OF ENGINEERS;
and Kelly White dba White Construction Company,
Defendants-Appellees.
 No. 80-3415.
 United States Court of Appeals,
Ninth Circuit.
 Argued and Submitted Dec. 7, 1981.
Decided Jan. 28, 1982.
 
 L. Mark Riddoch, Deputy Atty. Gen., Boise, Idaho, for plaintiffs-appellants.
 Jerry V. Smith, Lewiston, Idaho, Susan Engelman, Dept. of Justice, Washington, D. C., for defendants-appellees.
 Appeal from the United States District Court for the District of Idaho.
 Before KILKENNY and GOODWIN, Circuit Judges, and TANNER,* District Judge.
 KILKENNY, Circuit Judge:
 
 FACTS
 
 1
 In 1968, the State of Idaho and the United States Army Corps of Engineers (Corps) entered into a fire suppression agreement. The United States paid an annual fee in return for Idaho's obligation, inter alia, to provide a system of fire protection for specified federal land in Idaho. The agreement contained the following clause:
 
 
 2
 "Article 4. Release of Claims for Damage
 
 
 3
 In consideration of the mutual benefits herein obtaining, each party hereto waives all claims of any kind or nature against the other party hereto for compensation or reimbursement for loss, damage, personal injury, or death occurring in consequence of the performance of this contract."
 
 
 4
 A few years later, an unexpected heavy influx of outdoor recreationists motivated the Corps to devise a plan for a "minicamp" program that called for 205 campsites at 86 camping areas along the Dworshak Reservoir. These minicamps were constructed by appellee Kelly White, d/b/a White Construction Company (White) pursuant to a detailed construction plan provided by the Corps. Each minicamp included a 20' x 20' pad cleared to mineral soil for a fireplace. Upon completion of the construction, the Corps inspected and approved the construction as being in compliance with its specifications.
 
 
 5
 On September 1, 1974, the Gold Creek fire started in the trees around the minicamp located at river mile 36.1 on the Dworshak Reservoir. This fire, started by campers, originated in the fireplace located at the minicamp. How the fire spread from the fireplace to the trees, however, has never been determined. All parties agree that this fire originated on federal land covered by the terms of the 1968 agreement.
 
 
 6
 The State of Idaho expended over $150,000.00 in extinguishing this fire. Idaho filed this claim in federal court under the Federal Tort Claims Act, 28 U.S.C. § 1346(b) (FTCA), alleging negligence on the part of both the United States and White. At the close of the appellants' case, both the United States and White moved to dismiss the State's claim pursuant to FRCivP 41(b).
 
 
 7
 The court granted this motion and dismissed the case. As to the United States, the court found that Idaho did not state a valid claim under the FTCA and, in the alternative, that Idaho had waived this type of claim in the 1968 agreement. As to White, the court found that the evidence did not establish that he was negligent in the construction of the minicamp and, in the alternative, that the inspection, acceptance and approval of the construction by the Corps exonerated White from liability.
 
 DISCUSSION
 
 8
 * The district court correctly dismissed the cause against the United States for failure to state a claim under the FTCA. Whether a particular cause of action constitutes a claim that is excluded from the FTCA is a question of federal law. Laird v. Nelms, 406 U.S. 797, 92 S.Ct. 1899, 32 L.Ed.2d 499 (1972); United States v. Neustadt, 366 U.S. 696, 81 S.Ct. 1294, 6 L.Ed.2d 614 (1961). The inquiry is jurisdictional, and, therefore, questions as to what acts constitute negligence under state law are irrelevant.
 
 
 9
 The FTCA, 28 U.S.C. § 1346(b), limits the jurisdiction of the district court to claims of "money damages" against the United States "for injury or loss of property." In Oregon v. United States, 308 F.2d 568, 569 (CA9 1962), cert. denied, 372 U.S. 941, 83 S.Ct. 934, 9 L.Ed.2d 967 (1963), we held that the FTCA did not confer jurisdiction on the district court for expenses incurred by a state or other agency in fighting a forest fire. Such expenses simply do not constitute "money damages" "for injury or loss of property" under the FTCA. See also, People of California v. United States, 307 F.2d 941 (CA9 1962), cert. denied, 372 U.S. 941, 83 S.Ct. 933, 9 L.Ed.2d 967 (1963). Appellants' attempt to classify these expenses as "mitigation costs" does not make them "money damages" within the statute.
 
 
 10
 The district court lacked subject matter jurisdiction, and, therefore, the judgment of the district court dismissing the claim against the United States is affirmed. Because this jurisdictional holding disposes of the state's case, we need not consider whether the state contractually waived this claim in the 1968 agreement.
 
 B
 
 11
 The decision to dismiss the claim as to White presents an additional jurisdictional problem. The district court found that the evidence did not establish that White had been negligent, and, in the alternative, that White had been exonerated by the approval of his construction by the Corps. The district court was without power to make this determination.
 
 
 12
 It is axiomatic that the federal courts are courts of limited jurisdiction. The State of Idaho has attempted to have its state claim against White ride the coattails of its FTCA claim against the United States into federal court. In Williams v. United States, 405 F.2d 951, 954 (CA9 1969), this court held that:
 
 
 13
 "(I)n order for a claim against other parties to be joined properly with a claim against the United States under the Federal Tort Claims Act, an independent ground of jurisdiction must exist, and the theory of pendent jurisdiction is not sufficient." (Emphasis added)
 
 
 14
 In addition, this court has consistently rejected the concept of "pendent party" jurisdiction. Hymer v. Chai, 407 F.2d 136, 137 (CA9 1969); Ayala v. United States, 550 F.2d 1196, 1200 (CA9 1977), cert. granted, 434 U.S. 814, 98 S.Ct. 50, 54 L.Ed.2d 70, cert. dismissed, 435 U.S. 982, 98 S.Ct. 1635, 56 L.Ed.2d 76 (1978); Munoz v. Small Business Administration, 644 F.2d 1361, 1365 (CA9 1981).
 
 
 15
 The record clearly shows that there is not an independent basis of federal jurisdiction over the state negligence claim against White. Therefore, the district court was simply without power to reach the merits of that claim.
 
 CONCLUSION
 
 16
 The judgment dismissing the claim against the parties is AFFIRMED. The district court lacked subject matter jurisdiction.
 
 
 
 *
 The Honorable Jack E. Tanner, United States District Judge for the Western District of Washington, sitting by designation