**Robert B. TROMBETTA, Mitsie M. Trombetta, and Anthony Trombetta, Plaintiffs,**

v.

**UNITED STATES of America, Defendant.**

**No. CV–84–176–BLG.**

United States District Court, D. Montana, Billings Division.

July 2, 1985.

Bert W. Kronmiller, Dunaway, O'Connor & Moe, P.C., Billings, Mont., for plaintiffs.

Lorraine Gallinger, Asst. U.S. Atty., Billings, Mont., Collette Winston, Asst. U.S. Atty., Civ. Div., Washington, D.C., for defendant.

## OPINION AND ORDER

BATTIN, Chief Judge.

This case is before the Court on defendant's motion to reconsider the Court's order denying defendant's motion to dismiss Count One of plaintiffs' complaint. Upon reconsideration, defendant's motion to dismiss Count One is granted.

In this Court's opinion of January 9, 1985, the Court held that plaintiffs' claim was not barred by the exceptions to the Federal Torts Claims Act (FTCA). That position is supported by the Supreme Court's holding in *Block v. Neal*, 460 U.S. 289, 103 S.Ct. 1089, 75 L.Ed.2d 67 (1983). However, upon reconsideration, the Court finds that there was no duty on the part of the defendant, and therefore the analysis of the case need not proceed to the question of whether the exceptions to the FTCA apply.

The FTCA waives, with certain exceptions, the government's traditional sovereign immunity from suit for commonlaw torts committed by government agents, 28 U.S.C. § 2674, but the source of the claim for relief must be the law of the state where the act or omission complained of occurred. 28 U.S.C. § 1346(b); *Lutz v. United States*, 685 F.2d 1178 (9th Cir.1982). Montana recognizes the commonlaw tort embodied in the good samaritan doctrine as set out in § 323 of the Restatement (Second) of Torts (1965), *Jeffries v. United States*, 477 F.2d 52 (9th Cir.1973). Section 323 states as follows:

> One who undertakes, gratuitously or for consideration, to render services to another which he should recognize as necessary for the protection of the other's person or things, is subject to liability to the other for physical harm resulting from his failure to exercise reasonable care to perform his undertaking, if
>
> (a) his failure to exercise such care increases the risk of such harm, or
>
> (b) the harm is suffered because of the other's reliance upon the undertaking.

As counsel for defendant pointed out, even where the government conducts

inspections, it is not undertaking a legal duty to render services as required by the good samaritan doctrine. *Jeffries v. United States*, 477 F.2d 52 (9th Cir.1973); *Roberson v. United States*, 382 F.2d 714 (9th Cir.1967). There is no Montana case law that would hold a private person in the same position as the government in this case (for example, a bank or savings and loan which had lent money to build a home and had inspected the construction) responsible for negligent construction on the part of the person or company building the home. Therefore, without a duty owed by the defendant FmHA to the plaintiffs, there can be no breach of duty and thus no claim for relief. Therefore,

IT IS ORDERED that Count One of plaintiffs' complaint is dismissed for failure to state a claim. Count Two having been dismissed previously,

IT IS FURTHER ORDERED that the plaintiffs' complaint is dismissed.

The Clerk is directed to enter judgment in favor of the defendant and against the plaintiffs.

The Clerk is further directed forthwith to notify counsel for the respective parties of the making of this order.