**Clinton W. LOVE, Sr., and Rose Mary Love, husband and wife, Plaintiffs,**

v.

**UNITED STATES of America, United States Department of Agriculture, Farmers Home Administration, Philip A. Young, Claude Hargrove, Arthur E. Lund, Theodore L. Hebnes, Roger Meredith, Rodger VanValkenburg, Dale Gilbert, Jim Walker, Stanley Faught and Gilbert L. Anderson, Defendants.**

No. CV–84–167–GF.

United States District Court,
D. Montana,
Great Falls Division.

Feb. 27, 1987.

Robert M. Kampfer, Helena, Mont., for plaintiffs.

George F. Darragh, Jr., Asst. U.S. Atty., Great Falls, Mont., for defendants.

## MEMORANDUM

HATFIELD, District Judge.

The plaintiffs, Clinton W. and Rose Mary Love, are farmers who obtained numerous agricultural loans from the Farmers Home Administration ("FmHA"), under the Consolidated Farm and Rural Development Act ("CFRDA"), 7 U.S.C. §§ 1921 *et seq.* (1982); loans purportedly secured by security agreements and mortgages on the personal and real property of the Loves. When the Loves defaulted upon the loan obligations, the FmHA foreclosed upon the security agreements, repossessing certain machinery and livestock critical to the Loves' operation.

▉ The Loves instituted the present action against the United States, acting through the FmHA, to obtain monetary relief for damages arising out of the FmHA's alleged failure to properly service the loans extant between the Loves and the FmHA.[1] Specifically, the Loves assert the FmHA's failure to provide them with notice

of, and an opportunity to apply for, loan deferral under 7 U.S.C. § 1981a caused the demise of their farming operation. The Loves' complaint, as amended, also names, as defendants, those officials and administrators of the FmHA charged with the responsibility of administering loans under the CFRDA. The Loves allege those individuals failed to fulfill their statutory and constitutional obligations by failing to notify and afford the Loves the preliquidation procedures available under 7 U.S.C. § 1981a.

The Loves invoke the jurisdiction of the court under the Federal Tort Claims Act, 28 U.S.C. §§ 1346(b), 2671 *et seq.*

The matter is presently before the court on consolidated motion of the defendants requesting the court to dismiss the Loves' complaint, as amended, upon the ground that it fails to state a claim upon which relief can be granted. The FmHA officials and administrators named as defendants seek dismissal upon the alternate basis that the court lacks jurisdiction over the subject matter of the claims asserted against them. The motion is now ripe for disposition.

## DISCUSSION:

### Individual Defendants

▉ The Loves have brought this action only under the Federal Tort Claims Act. The Federal Tort Claims Act, however, does not create a cause of action against individual federal employees, it simply permits certain types of actions against the United States. *Wright v. United States,* 719 F.2d 1032, 1034 (9th Cir. 1983) (citing *Morris v. United States,* 521 F.2d 872, 874 (9th Cir.1975). Because no independent basis for jurisdiction over the individual defendants is alleged, the court is compelled to dismiss the complaint, as against them, for want of subject matter

---

1. The amended complaint, by way of Count One, advances a claim for conversion. The claim is predicated upon the Loves' assertion that the "security agreements" at issue did not grant the FmHA a security interest in the property which was ultimately repossessed. A fact which, the Loves submit, renders the FmHA's

repossession an illegal conversion of the Loves' property. While cast in terms of a claim in tort, the Loves' claim for the purported conversion is a claim for breach of contract, the remedy for which would lie under the Tucker Act, 28 U.S.C. §§ 1346(a)(2), 1491; the amount in controversy exceeding $10,000.

jurisdiction. *Davis v. United States*, 667 F.2d 822, 824–825 (9th Cir.1982).[2]

*United States*

The Federal Tort Claims Act waives the sovereign immunity of the United States with respect to claims for money damages based upon injury or loss of property caused by the negligent or wrongful act or omission of a federal employee acting within the scope of his employment. *Laird v. Nelms*, 406 U.S. 797, 92 S.Ct. 1899, 32 L.Ed.2d 499 (1972). The liability of the United States under the Act, however, is determined "in accordance with the law of the place where the act or omission occurred." 28 U.S.C. § 1346(b). Therefore, any finding of liability must be based upon local tort law. *United States v. Muniz*, 374 U.S. 150, 83 S.Ct. 1850, 10 L.Ed.2d 805 (1963).

The Loves' claim against the United States is premised upon the contention that 7 U.S.C. § 1981a imposes certain obligations upon the FmHA, regarding notification of the availability of payment deferral for CFRDA loans, a breach of which is compensable in tort. The failure of the FmHA to inform them of the availability of loan deferral, the Loves submit, constitutes negligence on the part of the FmHA cognizable under the Federal Tort Claims Act. The court disagrees.

■ The court begins its analysis by taking proper cognizance of the well established principle that the violation of a federal statute or administrative regulation by an agency of the United States does not, standing alone, create a cause of action under the Federal Tort Claims Act. *See, Carlson v. Green*, 446 U.S. 14, 100 S.Ct. 1468, 64 L.Ed.2d 15 (1980); *United Scottish Insurance Co. v. United States*, 614 F.2d 188, 194 n. 4 (9th Cir.1979), *aff'd after remand*, 692 F.2d 1209 (9th Cir.1982), *rev'd on other grounds*, 467 U.S. 797, 102 S.Ct. 2755, 81 L.Ed.2d 660 (1984); *Younger v. United States*, 662 F.2d 580, 582 (9th Cir. 1981). This principle is premised upon the fact that the Federal Tort Claims Act, being procedural as opposed to substantive in nature, does not create new causes of action, but serves to make the United States liable in accordance with local tort law. 28 U.S.C. § 1346(b); *see, Art Metal-U.S.A., Inc. v. United States*, 753 F.2d 1151 (D.C. Cir.1985). Any finding of liability under the Act must be based upon state law. *United States v. Muniz, supra; Brock v. United States*, 601 F.2d 976, 979 (9th Cir. 1979).

■ Consistent with the foregoing principle, any duty the FmHA owed the Loves cannot be founded solely upon federal statutes. Rather, the source of the duty must be Montana law. *See, Lutz v. United States*, 685 F.2d 1178, 1184 (9th Cir.1982) (citing *Younger v. United States, supra*, and *United Scottish Insurance Co. v. United States, supra*). As stated by the Ninth Circuit in *Lutz:*

> The federal statute or regulation under which an employee acted only becomes pertinent when a state law duty is found to exist. The federal statute or regulation may then provide the standard for reasonable care in exercising the state law duty. (citations omitted.)

685 F.2d at 1184.

■ Proper analysis, then, requires the court to proceed with a determination of whether a cause of action exists under the laws of the State of Montana for the injuries allegedly sustained by the Loves. *See,*

---

**2.** In their brief in opposition to the motion to dismiss, the Loves submit their claims against the individual FmHA officials and administrators would fall within the "pendent" jurisdiction of this court. The Loves invocation of "pendent" jurisdiction, however, is to no avail given the nature of the claims asserted. Pendent jurisdiction permits a federal court to entertain a non-federal claim if that claim is closely related to a federal claim. *Hurn v. Oursler*, 289 U.S. 238, 53 S.Ct. 586, 77 L.Ed. 1148 (1933); *United Mine Workers v. Gibbs*, 383 U.S. 715, 86 S.Ct. 1130, 16 L.Ed.2d 218 (1966). The Court of Appeals for this circuit has consistently refused to recognize that the concept of "pendent" jurisdiction is applicable to parties, as opposed to claims. *See, eg., State of Idaho v. United States Dept. of the Army*, 666 F.2d 444 (9th Cir.1982), *cert. denied*, 459 U.S. 823, 103 S.Ct. 53, 74 L.Ed.2d 58 (1983); *Ayala v. United States*, 550 F.2d 1196 (9th Cir.1977); *contra, Federal Deposit Insurance Corp. v. Otero*, 598 F.2d 627 (1st Cir. 1979); *Leather's Best v. Mormaclynx*, 451 F.2d 800 (2nd Cir.1971).

*Carlson v. Green, supra,* 446 U.S. at 23, 100 S.Ct. at 1474.

The United States argues, in essence, that no duty exists under Montana law analogous to the obligation imposed upon the FmHA, 7 U.S.C. § 1981a. Consequently, the United States submits, the "private person" liability required by section 1346(b) is lacking.

The Loves fail to point to the existence of a specific duty under Montana law analogous to the obligation imposed upon the FmHA by the statutes and regulations at issue. The Loves do, however, allude to the fact that under Montana law a duty of "good faith" is recognized as attending commercial contracts. While this court is cognizant of the existence of such a duty under Montana law, it has rejected the proposition that jurisdiction exists under the Federal Tort Claims Act with respect to claims advanced against the United States for breach of the duty of "good faith" attending commercial contracts in Montana. *See, Darko v. United States,* 646 F.Supp. 223 (D.Mont.1986) (relying upon *Woodbury v. United States,* 313 F.2d 291 (9th Cir.1963)). Rather, jurisdiction over such a claim lies within the ambit of the Tucker Act (28 U.S.C. §§ 1346(a)(2), 1491), since the claim implicates the contractual relationship between the claimant and the United States. *Darko v. United States, supra.*

Assuming the Loves' allegations are viewed as sufficient to raise the proposition that violation of the federal statutes and regulations renders the United States liable since it undertook a so-called "good-samaritan" activity, the court finds the attempt to impose liability under this theory to be ill fated.

■ Where the United States undertakes a particular activity pursuant to the directive of a federal statute or regulation, liability under the Federal Tort Claims Act for the negligent performance of that activity is not automatic. *See, United Scottish Insurance Co. v. United States, supra,* 614 F.2d at 193. In *Indian Towing Co. v. United States,* 350 U.S. 61, 76 S.Ct. 122, 100 L.Ed. 48 (1955), the Supreme Court

ruled, however, that liability could be imposed upon the United States in accordance with the "good samaritan" doctrine. *Indian Towing* establishes that the United States may be liable under the Federal Tort Claims Act for the negligent provision of services upon which the public has come to rely. 350 U.S. at 64–65, 76 S.Ct. at 124.

■ Consistent with the requirement of the Federal Tort Claims Act that governmental liability may not be determined without considering the liability of a private person in "like circumstances" pursuant to relevant state law, liability may be imposed under the "good samaritan" doctrine only if the applicable state law requirements of the doctrine are satisfied. *United Scottish Insurance Co. v. United States, supra,* 614 F.2d at 195–196. Therefore, when a claimant seeks to impose liability upon the United States via the "good samaritan" doctrine, the court must determine whether the pertinent state has adopted the doctrine, and whether the requirements of the doctrine are satisfied in the particular case.

Montana has long recognized the common law tort embodied in the "good samaritan" doctrine as currently set forth in Section 323 of the *Restatement (Second) of Torts (1965).* See, *Vesel v. Jardine Mining Co.,* 110 Mont. 82, 100 P.2d 75 (1940); *Jeffries v. United States,* 477 F.2d 52 (9th Cir.1973); *Trombetta v. United States,* 613 F.Supp. 169 (D.Mont.1985). Section 323 provides:

> One who undertakes, gratuitously or for consideration, to render services to another which he should recognize as necessary for the protection of the other's person or things, is subject to liability to the other for physical harm resulting from his failure to exercise reasonable care to perform his undertaking, if (a) his failure to exercise such care increases the risk of such harm, or, (b) the harm is suffered because of the other's reliance upon the undertaking.

The allegations of the Loves' amended complaint, however, do not state a claim cognizable under the "good samaritan"

doctrine as recognized under the laws of Montana. The Loves fail to allege the FmHA rendered a service which was necessary for the protection of the Loves' property; a service which if performed negligently may well result in injury. Rather, the thrust of the complaint is that the Loves were denied notice of the availability of payment deferral under 7 U.S.C. § 1981a. Based upon the nature of the obligation imposed upon the FmHA by 7 U.S.C. § 1981a, as evidenced by the Loves own characterization of the obligation, it is evident that the statute was designed to protect a borrower's due process rights in a public entitlement from arbitrary, capricious and/or unfair conduct on the part of FmHA officials. But these rights are guaranteed under federal, not local law. *See, eg., Art Metal-USA, Inc. v. United States, supra,* 753 F.2d at 1156–60.

The FmHA's alleged violation of the due process rights guaranteed the Loves by 7 U.S.C. § 1981a is simply not remediable under the Federal Tort Claims Act, since no analogous duty exists under the law of Montana. As recognized by the D.C. Circuit Court of Appeals in *Art Metal,* the prescriptions of the Federal Tort Claims Act cannot be circumvented by the simple expedient of drafting, in terms of negligence, a complaint which in reality is a claim as to which the United States remains immunized. 753 F.2d at 1160 n. 6 [ (citing *Johnson v. United States,* 547 F.2d 688, 691–92 (D.C.Cir.1976) ]. Accordingly, the Loves' complaint as against the United States must be dismissed for failure to state a claim cognizable under the Federal Tort Claims Act.

CONCLUSION:

The Loves seek to impose liability upon the United States, and the individually named officials and administrators of the FMHA, under the Federal Tort Claims Act, for the FmHA's alleged failure to notify the Loves of the availability of payment deferral for loans made under the Consolidated Farm and Rural Development Act. However, the complaint, as amended, fails to state a claim against the United States

cognizable under the Federal Tort Claims Act since no duty exists under local law upon which to predicate liability. As to the claims advanced against the individually named officials and administrators, the court is without jurisdiction to entertain those claims.

An appropriate order shall issue.